### BROCKETT ET AL. *v.* BROCKETT.

Where there are many parties in a case below, it is not necessary for them all to join in the appeal bond. It is sufficient if they all appeal and the bond be approved by the court.

No appeal lies from the refusal of the court below to open a former decree.

But if the court entertains a petition to open a decree, the time limited for an appeal does not begin to run until the refusal to open it, the same term continuing.

Where an appeal is prayed in open court, no citation is necessary.

THIS was an appeal from the chancery side of the Circuit Court of the United States for the District of Columbia.

The case was not reached in regular order, but a motion was made, under the rule. to dismiss the appeal under the following state of facts.

Brockett et al. *v.* Brockett.

A final decree was pronounced in the court below on the 10th of May, 1843, from which an appeal was prayed. A petition to re-open the decree was filed during the term, and referred to a master, who reported on the 9th of June following. Upon his report the court refused to open its former decree, and from this refusal, as well as from the original decree, an appeal was prayed, in which all the parties joined. On the 15th of June, the bond was executed by three of the parties, not being all.

*Jones* and *Brent* moved to dismiss the appeal on the following grounds, and cited 8 Peters, 526.

1. For irregularity, on account of the failure of the appellants to give the proper appeal bond; the bond given having been executed by only a part of the defendants in the court below, and for other reasons in the record.

2. That notwithstanding said bond may be regular, the appeal ought to be dismissed as to that part taken from the refusal of the court below, to open the final decree made upon the 10th of May, 1843; the said refusal having been made in the discretion of the court below and not "a final decree or order" from which an appeal can be taken.

3. That the parties are not named in the writ of error and citation.

*Bradley* and *Neale* opposed the motion.

The motion in this case is put upon two grounds. As to the first, the bond, it will be seen by reference to the record that a final decree was rendered on the 10th day of May, 1843, from which an appeal was prayed by all the parties.

During the same term a petition was filed by Robert Brockett to have that final decree opened for certain purposes. And the court referred it to the commissioner. The commissioner made his report, and on the 9th day of June, 1843, the same term still continuing, the court refused to open the final decree; and from this refusal, as also from the final decree of the 10th of May, an appeal was taken, and the court then directed the penalty of the bond. All the parties joined in this appeal also. The bond bears date the 15th June, 1843, and is executed by three of the parties in the decree, and by their sureties.

Under this state of facts the appellants maintain, First, That the bond was properly given, and as the law requires.

The law requires that all should join in the appeal, but does not direct or require that they should all join in the bond. The whole object of the law in that respect is security. That is a question for the court below; if the security is sufficient, the bond is sufficient.

Second, The appeal was properly taken. The cause was not finally disposed of till the adjournment of the term. All judgments and decrees are under the control of the court during that period, and may be opened or revised.

The petition for the opening of the decree was addressed to the discretion of the court. The court entertained it. By this the effect of the final decree was suspended. Substantially the decree was not final until the 9th June, 1843.

That appeal was taken, as has been said, to the former decree, and it is clear the Circuit Court did not consider the former decree as final, because they did not direct the amount of the penalty in the bond.

A third point has been suggested as to the writ of error and the citation, and the case in 8 Peters is relied on. The answer is, no writ of error was necessary here, nor citation, because the appeal was taken in open court. The case does not apply.

The cases in 2 Peters and 7 Peters do not apply. The appeals in these cases were taken by a part, only, of the parties. Besides, Mandeville's was a partnership case.

Mr. Justice STORY delivered the opinion of the court.

A motion has been made to dismiss this appeal upon several grounds. The first is, that although all the defendants have appealed from the decree of the court below, yet a part of them, only, have signed the appeal bond. This objection is not maintainable. It is not necessary that all the defendants should join in the appeal bond, although all must join in the appeal. It is sufficient if the appeal bond is approved by the court, as satisfactory and complete security by whomsoever it may be executed.

The next ground is, that an appeal has been taken from the refusal of the court below to open the former decree, rendered for the appellant. It is plain that no appeal lies to this court in such a matter, as it rests merely in the sound discretion of the court below. And if this had been the sole appeal in the case, the appeal must have been dismissed. But an appeal has also been taken to the first decree (which was a final decree) rendered by the court. That decree

was rendered on the 10th of May, 1843. During the same term, a petition was filed by the defendants on the 26th day of the same month, to have the final decree opened for certain purposes; and the court took cognisance of the petition and referred it to a master commissioner. His report was made on the 9th of June following, the same term still continuing; and the court then refused to open the final decree; and from this refusal as well as from the final decree, the defendants took an appeal, and gave bond with sufficient sureties, on the 15th day of the same month, and the appeal was then allowed by the court. Before that time the court had not fixed the penalty of the bond.

Now, the argument is, that as the original final decree was rendered more than one month before the appeal, it could not operate under the laws of the United States as a *supersedeas*, or to stay execution on the decree; because to have such an effect the appeal should be made and the bond should be given within ten days after the final decree. But the short and conclusive answer to this objection is, that the final decree of the 10th of May was suspended by the subsequent action of the court; and it did not take effect until the 9th of June, and that the appeal was duly taken and the appeal bond given within ten days from this last period.

Another and the last ground of exception is to the want of proper parties to the writ of error and citation. No writ of error lies in this case, but an appeal only; and the appeal having been made in open court, no citation was necessary.

Upon the whole, we are of opinion that the motion to dismiss the appeal ought to be overruled, and it is accordingly overruled.