CIRCUIT COURT FOR THE COUNTY OF UNION—VACATION AFTER NOVEMBER TERM, 1870.

JAMES M. GRAYDON, PLAINTIFF, v. DOUGLAS THOMAS AND CASWELL LAXTON, DEFENDANTS.

DEFAULT—ENTRY OF JUDGMENT BY THE CLERK.—In cases falling within the provisions of sec. 246 of the code, the clerk has power to enter judgments upon defaults, without judicial direction or intervention.

IDEM.—In so doing he exercises ministerial and not judicial functions.

IDEM—INFORMALITIES.—Judgments when so entered, will not be opened up, set aside, or disregarded because of slight informalities.

THE complaint filed October 18, 1870, alleges that defendants are partners, that as such they purchased from plaintiff one wagon on May 3, 1870; that they agreed to pay plaintiff therefor one hundred and sixty dollars ($160), and that they failed to so do. Summons and copy of complaint were duly served by proper officer October 19, 1870, in Union County, Oregon, upon defendant Laxton. On November 1, 1870, the clerk of the circuit court, upon application of plaintiff's attorney, entered a default against defendant, he having

failed to answer, and thereupon entered a judgment in favor of the plaintiff for $160 and costs, and ordered that execution issue therefor against the joint property of both the defendants, and the separate property of the defendant Laxton. November 7, and during term time defendants appeared by counsel and filed motion to open up said judgment, for the reason that the clerk had no authority to enter the same.

*Baker & Lichtenthaler,* for the motion.

*J. H. Slater, contra.*

McARTHUR, J. In the argument upon the motion, the defendants' counsel urged *generally,* that the clerk had no legal authority to enter a judgment upon a default, for that in so doing he usurped the function of the court or judge, and *particularly,* that if he had such authority, he erred in entering a judgment herein, for the reason, that as the complaint alleged a joint and not a several liability on the part of the defendants, and the record disclosed the fact that one only of the defendants had been served with summons, a judgment entered upon default against the party served only is void. In deciding upon the first point raised I have carefully considered the premises, and am of opinion that the rule laid down in the case of *The Providence Tool Co.* v. *Prader,* (32 Cal. 634) should prevail. In that case, upon a statute similar to our own, it was held that the clerk, in entering default, exercises no judicial functions, but acts merely in a ministerial capacity. This ruling affirmed the decision in *Kelly* v. *Van Austin* (17 Cal. 565), and also that in *Wilson* v. *Cleveland* (30 Cal. 198). In pronouncing the opinion in the case first cited, the chief justice used the following language, the legal and logical force of which will not, at least after due reflection, be denied: "It is sometimes difficult to determine whether an act is judicial or ministerial. Judging, and thereupon determining in a particular way is, in a general sense, the exercise of a faculty that is of a judicial quality; and, in the largest sense of the term, all determinations that are the result of judgment

are judicial. But the term, when applied to proceedings pertaining to a court of justice, is limited within a less extended scope, and those acts are denominated judicial which properly pertain to the judge alone in the exercise of his office. If the defendants fail to answer within the time required by the statute (and expressed in the summons) the clerk, upon application of the plaintiff, is required to enter the defendants' default, and thereupon enter a judgment against him for the amount specified in the summons." In such cases the clerk must ascertain from the complaint that the action is one specified in sec. 246 of the code of civil procedure—for money or damages only—and further, he must ascertain when and where the summons was served, and whether the defendant be in default. The laws of this state have invested in the clerk the authority to determine these matters, as the necessity of a determination of them is a condition precedent to the exercise of the further power reposed in him by law to enter the default, and thereupon to enter a final judgment for the amount prayed for in the complaint, and specifically demanded in the summons. These duties of the clerk falling within the letter and spirit of the law, have generally been denominated ministerial in their nature, as contradistinguished from judicial. (Vide cases above cited and also *Wallace* v. *Eldredge*, 27 Cal. 497; *Glidden* v. *Packard*, 28 Cal. 654; and *Bond* v. *Pacheco*, 30 Cal. 533.) When a party is served with a summons and complaint and makes default (which by his own act he could have prevented), he virtually, although not technically, makes confession of judgment. Especially is this the case in actions for the recovery of damages or money only. The clerk being the arm of the court, and an officer in whom the law reposes certain defined powers, in entering a default and a judgment thereon, acts simply as the agent of the law in placing upon the records of the court a judgment already declared to be such by statute. Hence the conclusion arrived at upon the first point presented is, that in cases falling within the statute (vide civil code, sec. 246) the clerk, as such, has power to enter a judgment upon a default without judicial direction or intervention, and that in so doing he exercises ministerial and not judicial functions.

As to the other point raised in the argument, I am of opinion, that, inasmuch as the record discloses the fact that the defendants are jointly, and not severally liable, the proper course for the court or the clerk, acting in consonance with, and obedience to sec. 59, subdivision 1, of the code of civil procedure, was to enter such a judgment as could be enforced against the joint property of both the defendants, and the separate property of the defendant served. It matters very little as to the precise language used by the clerk in making the journal entry of a judgment, provided the various steps taken in a case clearly appear, and provided also that so much of the judgment entry as authorizes the issuance of an execution, or other process, is clearly and distinctly set forth without ambiguity or doubt. In such cases, though slight informalities appear in other parts of the judgment entry, it should not be opened up, set aside, or disregarded. The entry in this case comes within this rule, and is conformable to the statutes. It follows that the motion should be denied.