### CAR FORREST v. H. H. RAWLINGS.

1. An ambiguous or imperfect entry on the judge's docket, indicating an appeal, will not supply the place of a notice of appeal given in open court and entered of record.

APPEAL from Ellis.　　Tried below before the Hon. Hardin Hart.

*J. W. Ferris*, for appellee, moved to dismiss the appeal for the causes indicated in the opinion.

*Amzi Bradshaw* resisted the motion, and contended—
1. That the errors were apparent from the record.
2. That the entries on the judge's docket sufficiently indicated that a motion for a new trial had been overruled; that exceptions had been taken to the action of the court, and notice of appeal given.

ROBERTS, CHIEF JUSTICE.—In this case there is no assignment of errors nor notice of appeal given in the transcript of the record. There is copied in the record what appears to be an entry in short, as if it had been placed on the judge's docket, as follows:

" H. H. Rawlings )　Motion for　( 3 W 2 overruled.
　　　　v.　　　　  }　new trial 　 {　Deft. except—
" Car Forrest.　   ) Sept. 6, 1873. (　.Appeal."

From this entry it might be inferred that notice of appeal was given after the overruling the motion for new trial, but that it was not entered in the minutes. Both the order of the court overruling the motion for new trial and the notice of appeal have been omitted.

Such an entry so made cannot be held to be a notice of appeal in open court entered of record.

Motion to dismiss appeal is sustained.

DISMISSED.