## SOCIETY OF NEW YORK HOSPITAL *v.* MARTHA L. KNOX ET AL.

1. **APPEAL.** *During term. Return day. Citation.*
   If an appeal is granted by the court at the term when the decree appealed from is entered, no citation is required, and the case should be docketed at the next term of the Supreme Court, although it occurs within less than ten days after the appeal is taken.

2. **SAME.** *After adjournment. The ten days.*
   If, however, the appeal is granted after the term at which the decree appealed from is entered, Code 1871, § 431, requires citation to be issued and served on the appellee ten days prior to the return day of the appeal.

3. **SAME.** *Supreme Court practice. Continuance.*
   The fact that an appeal in the former case is taken so near the return day of the Supreme Court as to exclude reasonable time for preparation, should be considered on an application for a continuance or for delay in calling the case.

THIS is a motion to docket the case for hearing at the present term of court, on the following state of facts: At the term at which the decree was rendered, the appeal was prayed by a

written petition to the court which made an order granting it on the appellant's giving bond. An order was made of record by the court approving the bond, when presented, and perfecting the appeal, and upon the same day the appellee's counsel acknowledged notice thereof. Five days afterwards, this court met.

*D. Shelton,* for the motion, argued orally and in writing.

Code 1871, § 431, provides that where appeals are granted by the clerk, he shall issue citation which shall be served ten days before the return day. But no statute provides for such notice where the appeal is prayed at the time the decree is rendered, and perfected in open court. In the latter case, the appellee and his counsel are bound to take cognizance of the appeal, while in the former they are not supposed to be present. This court can protect the parties if sufficient time for preparation is not given. Citation is but a substitute for the notice given by an appeal in open court.

*Frank Johnston, contra,* filed a brief and argued orally.

If an appeal in open court dispenses with citation, it does not do away with the necessity for notice. Citation is only a mode of giving notice, and an appeal in open court is but a substitute for citation. The time of the implied notice should not be shorter than actual service. If ten days is not required, what is the time? Cannot an appeal be docketed on the first day of the term from a decree rendered that day? All that day is allowed for filing records. It is useless to say that this court can protect the parties by continuance, for that is to practise under the rule while denying its force. The better way is to adhere to the statutory time of ten days, which will render delays unnecessary.

GEORGE, C. J., delivered the opinion of the court.

It is objected that this case cannot be docketed for trial at this term of court, but should be docketed at the October Term. The appeal was taken on April 14, less than ten days prior to the commencement of this term, and it is insisted that in such case the appeal is properly returnable to the next succeeding term. This is true of appeals granted after the term in which the decree appealed from is entered, for as to them

Code 1871, § 431, requires citation to be issued and served on the appellee ten days prior to the return day of the appeal. But no citation is required when the appeal is granted by the court in term time, and at the same term at which the order or decree appealed from is entered. The appellee is presumed to be present when the appeal is allowed, and is bound to take notice of it as of every other order entered in the cause. The statute, Code 1871, § 408, requires all appeals to be made returnable to the first day of the term of this court, or the first return day fixed by order of court next succeeding the appeal. As to appeals in which citation is required, the ten days, when required, has the effect of making the appeal returnable after the expiration of that time. But that section can have no operation except in the cases embraced in it, viz., appeals granted after the term at which the decree appealed from is entered. Should an appeal be taken so near the commencement of the term or the return day fixed by order of court, as not to allow reasonable time for the parties to prepare the cause for hearing, that matter would be considered on an application either for a continuance or for delay in calling the case for hearing.

*Record ordered to be docketed to this term.*