Torres et al, vs. Falgoust.

## No. 8149.

### JEAN TORRES ET AL. VS. FELIX FALGOUST.

The fact that a judgment was rendered at chambers, does not exempt the case from the opera-tion of Art. 574 C. P., which provides that no citation of appeal shall be necessary when the appeal has been granted upon motion in open court, at the same term that the judgment was rendered.

When the acts enjoined amount to a trespass or a change of possession of immovable property, the injunction cannot be dissolved on bond and an appeal lies from the dissolving order. Decision in Sigur vs. Judge, 33 An. 133, affirmed.

APPEAL from the Twenty-Second Judicial District Court, parish of St. James. *Cheevers*, J.

---

### *Robt. G. Dugué* for Plaintiffs and Appellants:

Upon an application to bond an injunction, under C. P. 307, the allegations of the petition must be taken as true. 23 An. 52; 14 An. 57.

An appeal lies from the order, when the injury is irreparable; and it is irreparable when the act complained of amounts to a trespass or a change of possession of immovable property, and also when a new suit is necessary to adjust the damages. 22 An. 512; 24 An. 154; 26 An. 603; 23 An. 52; 14 An. 57; 12 An. 455, and authorities there cited.

When an appeal is granted by motion in open court, at the same term at which the judgment appealed from is rendered, no citation or other notice to the appellee is necessary. C. P. 573, 574; 30 An. 696; 19 An. 291; 24 An. 289; 22 An. 463; 21 An. 733; 31 An. 515.

### *Sims & Poché* for Defendant and Appellee:

First—Appellee has not been cited, and the fault is imputable to appellants. 15 La. 214; 16 La. 50; 5 An. 115; 10 An. 650; 6 Rob. 64; 10 Rob. 20; 17 An. 74; 21 An. 238, 618; 21 An. 277.

Second—The omission to ask for citation of appeal is imputable to appellants. 21 An. 629; 18 An. 700; 12 La. 271; 14 An. 315.

Third—The order appealed from was granted at chambers, in the parish of Ascension. Anappeal therefrom could only be obtained by an order rendered upon a petition, praying for citation, of which proper service should have been made. C. P. Arts. 573, 581, 582, 585, 587; 27 An. 95.

Fourth—There is no legal order of appeal in the record. The minutes do not show that any appeal was ever granted. 22 An. 373; 27 An, 97; 21 An. 649; 6 An. 707.

Fifth—There is no order of appeal. The court will dismiss the appeal *ex officio*. 24 An. 276;. 20 An. 193; 2 An. 628; 22 An. 373; 23 An. 543.

Sixth—The affidavit of counsel for appellants filed in this Court is inadmissible to contradict, supply or in any manner add to, the record in this case. 21 An. 649; 6 An. 707; 10 An. 550; 12 An. 349; 6 An. 700; 11 Rob. 531.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. Appellee moves to dismiss this appeal on the grounds:.

1st. That the appeal was taken by motion in open court and without citation. The interlocutory judgment appealed from, though rendered at chambers, was so rendered during a term of the court and at the instance of appellee, and the appeal was taken at the same term.

We find nothing in the circumstance that the judgment was rendered at chambers to exempt the case from the operation of article 574 C. P., authorizing appeal by motion, if taken at the same term.

2d. That there is no legal order of appeal in the record. This objection is not sustained by the transcript, which presents the motion and order of appeal with the statement by the clerk that it is "entered *verbatim et literatim* in the minutes of November 6th, 1880." We must assume that such entry exists, and that the minutes, which contain only the record of proceedings in open court, are evidence that the motion and order were made in open court and are legal.

### ON THE MERITS.

This is an injunction suit. Plaintiffs aver, in substance, that a certian road, running through lands of defendant, is a public road, which has been opened and dedicated to public use for forty or fifty years; that the use of it is necessary to plaintiffs, as part of the public, in the carrying on of their agricultural operations and the transportation of their crops; and that it cannot be closed or obstructed by any individual; that the free use of the road is impeded by a hole at a point within defendant's property which he refuses either to fill himself, or to permit them or others to fill, though they have offered to do so, at their own expense; and that he threatens to build a fence across the road and close it completely if any one attempts to fill the hole, which, in its condition, renders the road impassable.

Avering injury and damage from the said actual and threatened conduct of defendant, on affidavit and bond, they applied for and obtained a writ of injunction restraining the defendant from closing or obstructing the road, and from interfering with or preventing them from repairing the same, at their own expense, so as to keep it in passable condition.

Thereafter, the defendant presented a petition controverting the allegations of plaintiffs' petition as to the road's being public, and as to the rights of plaintiffs to use the same, and, avering that the acts complained of by plaintiffs were not such as to cause them an irreparable injury, prayed for dissolution of the injunction on bond.

Upon this petition, without citation or notice of any kind to plaintiffs, the judge made his *ex parte* order in chambers, dissolving the injunction on bond as prayed for. From this interlocutory judgment the present appeal is taken.

The Code of Practice expressly authorizes injunction, "when the defendant opposes the execution of works necessary for the repairs of public roads," and "when the defendant is in the act of building or con-

36

structing some work tending to obstruct a place of which the public has the use." C. P. 298, Nos. 1 and 4.

Both of these grounds of injunction are presented in plaintiffs' petition, which must be taken as true, and the sworn allegation of which, that the road is a "public road," cannot be overcome by the mere counter-allegation of the *ex parte* petition of the defendant.

The road must, therefore, be considered as in the possession of the public, who are entitled to possess and use the same, and cannot be denied the right of making, at their own expense, repairs necessary to fit it for such use.

The acts of defendant, actual and threatened, amount, if consummated, to a change of possession of the road from the public to defendant as a private individual; and are trespasses, if the allegations of plaintiffs' petition are true.

In the case of State ex rel. Sigur vs. Judge, recently decided, we held that where the acts enjoined were trespasses and operated change of possession of immovable property, the injury was irreparable, and the injunction could not be dissolved on bond. In that case, the police jury were attempting to open a public road through the land of the relator, and thus to change the possession of the land over which the road was to run from a private individual to the public. Here a private individual is, upon the face of the papers, seeking to change possession of an existing public road from the public to himself.

The two cases cannot, in principle, be distinguished.

The injunction was of a character to work irreparable injury, upon the principles and authorities invoked in the Sigur case, and should not have been dissolved on bond.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, that the injunction be reinstated and that the case be proceeded with according to law.

Mr. Justice Poché recuses himself in this case, having been consulted as counsel.

Rehearing refused.