Mr. Chief Justice Bingham
delivered the opinion of the Court:
William A. Meloy, as assignee of the Anglo-Insurance Company, commenced an action against the Central National Bank, and on the 24th of February, 1888, a decree was rendered in favor of the defendant. An appeal was allowed the complainant to the general term at the time of the rendition of the decree; but within a short period, two or three days, the complainant, Meloy, withdrew his appeal and filed a petition for a rehearing, and this petition was taken under consideration by the Court, and not determined until the 18th of April, being a number of days after the end of the term at which the original decree was granted. Thereupon the plaintiff again appealed to this Court within a short time — two or three days — after the rendition of the decision upon a petition for a rehearing. This, however, was more than twenty days after the expi *445 ration of the term at which the original decree was pronounced. A motion is now made here to dismiss the appeal.
It is claimed by the defendant, who makes this motion to dismiss, that the appeal has not been taken within the time limited by Equity Rule'-86 of'this Court — that is to say, within twenty days. Next, that it is not within twenty days of the close of the term in which the original decree was entered.
Equity Rule 86 declares as follows; “Every petition for a rehearing shall contain the special matter or cause upon which such rehearing is applied for, and shall be signed by counsel; and the facts therein stated, if not apparent on the record, shall be verified by the counsel of the party or by some other person. No rehearing shall be granted after the term at which the final decree of the Court shall have been entered and recorded if an appeal lies to the Supreme Court; but if no appeal lies the petition may be admitted at any time before the end of the next term of the Court, in the discretion of the Court.”
It is claimed — although I do not know that any case was cited for the argument — that this rule applied only to appeals from the Special Term to the General Term. But, upon consideration, we think the language of this rule has no application — at least so far as the last two paragraphs are concerned — to an appeal from the Special Term to the General Term, but only applies to an appeal from the General Term to the Supreme Court of the- United States. The language is: “No hearing shall be granted, after the term at -which the final decree of the Court shall have been entered and recorded if an appeal lies to the Supreme Court” (the Supreme Court here mentioned is the Supreme Court of the United States), “ and if no appeal lies the petition may be received at any time before the end of the next term of the Court, in the discretion of the Court.” This sentence has reference to the same Court as the preceding *446 sentence and therefore necessarily relates to an appeal from the General Term to the Supreme Court of the United States.
That being so, so far as the rules are concerned, there is no provision nor regulation by this Court as to what shall be the case in regard to an appeal from the Special Term, where a motion or petition for a rehearing is filed in that Court. It is left to be decided according to the usage and practice of Courts of Equity.
We find in 2 How., 238, this rule to be laid down: “A petition to open a final decree, filed and taken into consideration by the Court at the same term at which the decree was made, suspends the decree so that the days allowed to supersede it by an appeal do not begin to run until the petition is disposed of.” We find also that in Vincent vs. Vincent, 3 Mackey, 322, it was held that an appeal could not be taken from the Special Term to the General Term, where a motion or a petition for a rehearing was pending. In that case, we say, the parties should have waited until the'motion for rehearing was disposed of, and then taken the appeal. We think, therefore, that the motion for rehearing suspends the time for entering an appeal from the decree until that motion is disposed of; when disposed of, the right of appeal remains, and the twenty days run from the date of the disposition of the petition for the rehearing. Mercer vs. Mercer, 1 MacArthur, 659. (See Mackey's Pr. 445.)

The motion to dismiss the appeal is overruled.