Argued January 21, decided February 11, 1908.

## CRAWFORD'S ESTATE.

[90 Pac. 147, 93 Pac. 820.]

APPEAL—DISMISSAL—REVIEW OF MERITS.

1. The regularity of an appeal from the county court to the circuit court cannot be determined on a motion to dismiss the appeal from the decree of the circuit court dismissing the appeal from the county court.

SAME—REQUISITES OF TRANSFER—NOTICE IN OPEN COURT.

2. A notice of appeal from the circuit court to the supreme court, given in open court at the time the decree appealed from was rendered, and the same being entered in the journal as a part thereof, was notice to all parties interested of the appeal, and sufficiently identified the decree appealed from.

APPEAL—NOTICE IN OPEN COURT—SUFFICIENCY.

3. Under Section 549, B. & C. Comp., providing, as amended, Laws 1901, p. 77, that a party may by notice in open court, or before the judge if the decree is rendered at chambers, and that such notice shall thereupon by order of the court or judge be entered in the journal, an oral notice of appeal in such a case is all that is required, and service thereof on the adverse party is not necessary; Section 538, providing that notice shall be in writing, having no application to matters transpiring in the progress of the cause and relating to the issues.

SAME.

4. Under Section 549, B. & C. Comp., as amended, Laws 1901, p. 77, the notice need not be contained in the decree; it is sufficient if it be taken in open court and entered by the clerk.

SAME—DESCRIPTION BY DECREE.

5. Under Section 549, B. & C, Comp., as amended, Laws 1901, p. 77, and where it appears that the notice of appeal was given when the decree was rendered, and the entry of the notice apparently immediately followed the entry of the decree in the journal and referred to it as "the above order and decree," the decree was sufficiently identified without further description.

SAME.

6. Under Section 549, B. & C. Comp., as amended, Laws 1901, p. 77, where notice of appeal from a final decree of distribution denying the widow any portion of the estate was given in open court, all the heirs affected by the decree were bound to take notice thereof, including those who were not parties to the objections filed in the probate court to the apportionment of any of the property to the widow; they being parties to the settlement of the administrator's final account and to the distribution of the estate.

From Tillamook: GEORGE H. BURNETT, Judge.

Appeal by Rebecca Crawford, widow of Robert Crawford, deceased, from an order of the circuit court dismissing an appeal from the county court on final settlement and distribution of the estate, denying the widow any portion of her husband's estate. A motion by respondent to dismiss the appeal was overruled, and

afterwards a decision was rendered on the merits, reversing the order of the circuit court and remanding the cause for further proceedings.

MOTION OVERRULED: REVERSED.

---

Decided May 21, 1907.

ON MOTION TO DISMISS THE APPEAL.

*Mr. C. W. Talmage* and *Mr. S. S. Johnson* for the motion.

*Mr. W. H. Cooper* and *Mr. H. T. Botts* contra.

PER CURIAM.   On April 17, 1906, an order or decree of the county court of Tillamook county was made and entered, settling the final account of the administrator of the estate of Robert Crawford, deceased, and ordering a distribution of the property.   From this decree one of the interested parties appealed or attempted to appeal to the circuit court, but the appeal was dismissed on the ground that it had not been regularly taken.   From the judgment or order of dismissal an appeal has been taken to this court.   The respondent now moves to dismiss such appeal because (1) there was not sufficient notice of appeal from the county court to the circuit court; (2) neither the notice of appeal to the circuit court or from that court to this court describes the judgment appealed from; (3) and the several distributees of the estate were not served with notice of appeal.

1. The question of the regularity of the appeal from the county court to the circuit court cannot be determined on this motion, for it involves the merits of the appeal.   To reverse the judgment of the circuit court dismissing the appeal is the purpose of the appeal to this court, and the appellant is entitled to have the cause heard and determined as any other appeal.

2. The notice of appeal from the circuit court to this court was given in open court at the time the judgment

or decree from which the appeal was taken was rendered, and is entered in the journal as a part of the decree. It was therefore notice to all interested parties of the appeal and necessarily sufficiently identified, and described the judgment appealed from.

MOTION OVERRULED.

## CRAWFORD'S ESTATE.

### ON THE MERITS.

Statement by MR. JUSTICE EAKIN.

John Harter, administrator of the estate of Robert Crawford, deceased, on January 4, 1906, filed in the county court of Tillamook County his final account of the administration of said estate, in which he reported that Rebecca (Bessie) Crawford is the widow, and seven children of decedent, naming them, are the heirs, of said decedent. Thereafter four of said heirs filed objections in the county court to the apportionment of any part of the property to the widow. An answer to such objections was filed by the widow, and, after a trial of the issues so raised, the county court, on the 17th day of April, 1906, filed and entered in its journal findings of fact and conclusions of law, together with a final decree of distribution, denying her any portion of said estate. Following said decree, and on the same day, the court made the following order in said matter:

"Comes now on this 17th day of April, 1906, being the same day on which the above order and decree relating to the distribution of the proceeds of the estate of the deceased above named was made, Rebecca Crawford, the widow of Robert Crawford, deceased, by her attorney, W. H. Cooper, and gives notice in open court and before the judge of the above entitled court that she, the said Rebecca Crawford, does now and at this time appeal from the order, judgment and decree of this court to the circuit court of the State of Oregon for

Tillamook County. It is therefore ordered that the said notice of appeal be entered on the record of this county court.

W. H. Conder,<br>County Judge. '

Appellant thereafter, on April 26th, filed and served an undertaking on appeal, and upon the perfecting of said appeal, the said heirs moved that the circuit court dismiss the appeal, for the reasons that no notice thereof had been given or served herein; that the pretended notice was given to the judge of the county court in vacation after the April term, and was not served upon the adverse parties; and that said notice does not describe the judgment or order appealed from. This motion is supported by the affidavit of the clerk of the county court to the effect that the findings and decree and the entry of the said notice of appeal were made in vacation after the April term of the county court, and that at the November term, 1906, of the circuit court, the said motion to dismiss the appeal was allowed; and Rebecca Crawford, the widow, appeals to this court from said order.                                    REVERSED.

The case was submitted on briefs, under the proviso of Rule 16: 50 Or. 580.

For appellant there was a brief over the names of *W. H. Cooper* and *H. T. Botts*.

For respondent there was a brief over the names of *C. W. Talmage* and *S. S. Johnson*.

MR. JUSTICE EAKIN delivered the opinion of the court.

3. The question of the sufficiency of said notice of appeal is the only matter for consideration. In 1901 (Laws 1901, p. 77) the legislature amended Section 549, B. & C. Comp., by adding thereto a provision to the effect that a party may take an appeal by giving notice in open court, or, if the decree is rendered in vacation before the judge, that he appeals from such decision; and

such notice shall thereupon, by order of the court or judge thereof, be entered in the journal. It was clearly the purpose of the legislature that this notice should dispense with the necessity of a formal notice of appeal or service thereof on the adverse party. Similar statutes have been so construed in other states. The statute of the State of Washington (Ballinger's Ann. Codes & St. § 6503), in so far as relates to the notice in open court, is identical with ours, and in *Town of Elma* v. *Carney*, 4 Wash. 418 (30 Pac. 732), it is held that oral notice is sufficient. This is followed in several subsequent cases. It is also held in *Northern Trust* v. *Hender*, 12 Wash. 559 (41 Pac. 913), that the effect of this statute is not confined to a judgment rendered in term, but applies equally to vacation orders. To the same effect is *Torres* v. *Falgoust*, 33 La. Ann. 560. The Texas statute, in so far as relates to giving notice in open court or to the judge, in case of vacation orders, and the entry thereof in the journal, is also similar to our own; and it is held that service on the respondent is not necessary in such cases: *Estado Land & Cattle Co.* v. *Ansley*, 6 Tex. Civ. App. 185 (24 S. W. 933) ; *Forrest* v. *Rawlings*, 40 Tex. 502. The United States courts also hold that in case the appeal is taken in open court no citation is necessary: *Brockett* v. *Brockett* (2 How.), 43 U. S. 238 (11 L. Ed. 251) ; *United States* v. *Gomez*, 68 U. S. (1 Wall.) 690 (17 L. Ed. 677) ; *Hewitt* v. *Filbert*, 116 U. S. (9 Davis) 142 (6 Sup. Ct. 319: 29 L. Ed. 581) ; *Brown* v. *McConnell*, 124 U. S. (17 Davis) 489 (8 Sup. Ct. 559: 31 L. Ed. 495). In this latter case it is said that no citation is necessary, because, both parties being constructively in court during the entire term, they are charged by law with notice of all that is done in the case affecting their interests. To the same effect is *New York Hosp.* v. *Knox*, 57 Miss. 600. On a motion to dismiss the appeal to this court the notice was oral in open court; and in deciding that motion, it is held that

such notice is sufficient and affects all interested parties without service.

We are cited to Section 538, B. & C. Comp., which requires notices to be in writing; but the notice referred to there relates to such warning as is necessary to bring the adverse party before the court or to advise him of some matter or proceeding not occurring in the progress of the trial, but can have no application to matters transpiring in the progress of the cause and relating to the issues.

4. The notice in open court provided for in B. & C. Comp., § 549, is for the purpose of bringing the appeal to the attention of the court that a record thereof may be made, rather than information or a warning to respondent that an appeal is taken. In Rev. St. Mo. 1899, §§ 807, 811 (Ann. St. 1906, pp. 775, 780), the appeal in open court is taken by motion to the court requesting that a record of the appeal be made. It is recognized as an application to the court also in the opinions in *Hewitt* v. *Filbert,* 116 U. S. 142 (6 Sup. Ct. 319: 29 L. Ed. 581) ; *Brockett* v. *Brockett,* 43 U. S. 238 (11 L. Ed. 251) ; *United States* v. *Gomez,* 68 U. S. 690 (17 L. Ed. 677). Even a rule or statute requiring motions to be in writing does not apply to motions made in the progress of a cause with relation to matters presented by the pleadings or record, to which it is said that general rules cannot apply: 14 Enc. Pl. & Pr. 115; *Johnson* v. *Adleman,* 35 Ill. 265; *Lake's Appeal from Probate,* 32 Conn. 331; *Palmer* v. *Jones,* 49 Iowa, 405. Ballinger's Ann. Codes & St. Wash. § 4888, also provides that all notices shall be in writing, but, as we have seen, oral notice under Ballinger's Ann. Codes & St. Wash. § 6503, is sufficient. Therefore we conclude that an oral notice of appeal given in open court or before the judge, if the decree is rendered at chambers, is all that is required by the statute, and service thereof on the adverse party is not necessary, but all interested parties must take

notice of it. It is objected that the notice was not given at the time of the rendition of the decree. The only thing from which this inference can be drawn is that the entry of the notice of appeal is not embodied in the decree; but that fact does not justify such conclusion. It does show that it was entered on the same day, and it is not necessary that it be contained in the decree. In the case of *In re Estate of Askins,* 20 D. C. 10, it is held that it is not necessary to have the notice embraced in the decree. It is sufficient if it be taken in open court, and entered by the clerk.

5. It sufficiently appears that such notice of appeal was given at the time of the rendition of the decree, and the entry of the notice apparently immediately followed the entry of the decree in the journal, and refers to it as "the above order and decree," which sufficiently identifies it without further description.

6. It is further urged that the notice was not served upon the heirs who were not parties to the objections filed in the probate court; but this is untenable. They were parties to the settlement of the final account of the administrator and to the distribution of the estate, being the only matters under consideration and adjudicated by the decree, and, whether actually appearing or not, they are constructively in court; and, when the notice is given in open court, no service being necessary, all parties affected by the decree are bound to take notice of the appeal: *Brown* v. *McConnell,* 124 U. S. 489 (8 Sup. Ct. 559: 31 L. Ed. 495); *New York Hosp.* v. *Knox,* 57 Miss. 600. If some of the heirs were not parties to the proceeding, then they were not affected by the decree, and have no interest in the appeal. If they were parties and bound by the decree, then they are, without service thereof, also included with the parties affected by the notice.

Therefore, the court below erred in sustaining the motion to dismiss the appeal; and the order dismissing

the appeal is reversed, and the cause remanded to the lower court for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.