# WHITE *v.* CONNECTICUT GENERAL LIFE INSUR-ANCE COMPANY. (1)

---

### APPEALS; APPEAL BONDS.

1. Where two defendants appeal from a judgment and the appeal bond is executed by one of them only and his surety, the appeal will not be dismissed.

2. The execution of a judgment appealed from is not superseded by the giving of an appeal bond reciting that the principal and surety shall "answer all damages and costs," where the lower court fixed the amount of the appeal bond for costs at $100, and the bond given is in that penalty, it being apparent that the insertion of the word "damages" in the bond is a clerical error.

No. 2024.   Submitted October 12, 1909.   Decided October 15, 1910.

HEARING on a motion to dismiss an appeal. *Denied.*

The facts are stated in the opinion.

*Mr. S. R. Bond* for the motion.

*Messrs. McNeill & McNeill* and *Mr. M. J. Colbert* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Judgment in this case was rendered against the appellants,

Jane M. White et al., as executors of Charles White, for the sum of $5,500, on January 29th, 1909. On the same day and in open court the said defendants entered notice of appeal, and the court fixed the amount of the bond for costs at $100. A bond for said amount executed by one of the appellants with surety was approved February 15th, 1909.

. This bond recites that the principal and surety shall "answer all damages and costs."

The appellee, the Connecticut General Life Insurance Company, moves to dismiss the appeal on the ground that only one of the appellants has appealed the case, without severance from the others.

The record reciting appeal by all. of the defendants in the judgment, the bond for costs executed by one of them is sufficient. *Brockett* v. *Brockett,* 2 How. 238, 240, 11 L. ed. 251, 252; *Scruggs* v. *Memphis & C. R. Co.* 131 U. S. CCIV. Appx. and 26 L. ed. 741.

The contention that this bond shall be regarded as a supersedeas bond, by reason of the recital to answer for damages as well as for costs, is without merit. The bond fixed by the court was to secure the costs of the appeal, for which the sum of $100 was ample.

· The insertion of the word "damages" in the bond was a clerical error, produced, doubtless, by the careless use of a printed blank. The execution of the judgment was not superseded by it, and could not have been.

The motion is overruled, with costs.