Motion to dismiss appeal denied May 17; argued June 23; reversed
August 1, 1932

# BRONN *v.* SOULES ET AL.

(11 P. (2d) 284, 13 P. (2d) 623)

*H. Overton,* of Woodburn (Carson & Carson, of Salem, on the brief), for appellants.

*G. A. Johnson,* of Portland, for respondent.

RAND, J.  Plaintiff, the respondent herein, moves to dismiss the appeal of a part, but not all, of the appealing defendants.  He bases his motion upon the ground that those defendants moved against, although they had been served with summons, had failed to answer the complaint.

Section 7-502, Oregon Code 1930, provides that any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom, but section 1-907 provides that the court may "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It has been uniformly held by this court that the granting of relief under the latter section rests in the sound discretion of the court and that the action of the court, in granting or refusing the relief, will be reviewed on appeal only when there has been a manifest

abuse of such discretion. Such was the ruling in *White v. Northwest Stage Company,* 5 Or. 99, and there has been no departure therefrom to our knowledge. The cases so holding are too numerous to require further citation. Ordinarily, a party against whom a default judgment has been entered through his mistake, inadvertence, surprise or excusable neglect is required to set up his defense by answer and accompany his motion to have the judgment or decree vacated with the answer which he proposes to file if the relief be granted. But it is not always essential that such be done.

■ An examination of the record in the instant case shows that a portion of the defendants named in the suit appeared and answered while those moved against did not appear. The suit was for the foreclosure of a mortgage upon real property given to secure the payment of a certain specific debt; that all the defendants were tenants in common of the property; that the interests of all were subject to the lien of the mortgage and no particular part thereof was subject to a different lien or to a greater extent than was any part of the remainder of the property. In other words, the whole property was subject to the whole debt and no part was any more subject to the debt than any other part of it.

After trial of the cause, it appears from the decree appealed from a different decree for a greater amount was awarded against the non-answering defendants than was awarded against those who had answered and costs were taxed against the non-answering defendants and no costs against those who did answer. Thereafter all the defendants in the suit, including those who had answered and those who had not answered, ap-

peared and moved the court that the decree be opened up and a proper decree be entered in the case. For some reason not disclosed by the record, the court refused to grant the relief prayed for and the decree was permitted to stand, and all said defendants appealed.

■ Under these circumstances, the error complained of clearly appeared upon the face of the record. Consequently, it was not necessary for the defendants who had not previously appeared in the suit to accompany their motion with an answer setting up the injustice against which the motion was directed. While the rule is that a question involving the merits of an appeal cannot be determined on a motion to dismiss the appeal, as held in *Crawford's Estate,* 51 Or. 76 (90 P. 147, 93 P. 820), and many later cases, that rule ought not to be invoked in this case.

■ Again, it is very certain that if the non-answering defendants, because of their failure to answer the complaint, were not entitled to join in the appeal with the other appealing defendant, who had such right, that question, under the facts involved here, is one which should be raised on final hearing rather than by a motion to dismiss as to them. In fact, no case has been cited and we have found none holding that an appeal may be dismissed before final hearing as to a part of the appellants and at the same time be refused as to the remainder. For these reasons we hold that, under the rule that an order refusing to set aside a judgment or decree on motion seasonably made is reviewable upon appeal for an abuse of discretion, the parties moved against are entitled to have the question of whether there has been an abuse of discretion determined and, therefore, the motion to dismiss must be denied.

On the Merits
(13 P. (2d) 623)

*Allan G. Carson,* of Salem (H. Overton, of Woodburn, and Carson & Carson, of Salem, on the brief), for appellants.

*F. W. Bronn* and *Vernon J. Vernon,* both of Portland (G. A. Johnson, of Portland, on the brief), for respondent.

RAND, J. This is a suit in equity to foreclose a mortgage of lands owned and held by defendants as tenants in common. The mortgage was given by defendants to secure the payment of a joint debt for legal services performed by plaintiff and another and assigned and transferred by such other to plaintiff. The defendants were personally served. A part of them defaulted and their default was entered. The other defendants answered, setting up as a partial defense the payment of a part of the debt sued for. The cause was then tried and the true amount then due and owing was found and determined by the court. A decree was then entered against all of the defendants but it awarded to plaintiff a greater amount as against the non-answering defendants than was awarded against the answering defendants. After having found the true amount due under the mortgage it was error for the court to award plaintiff, as against any of the

defendants in the suit, judgment for any greater amount, regardless of whether they were in default or not. The defense set up by the answering defendants was part payment, and this was not a defense personal to themselves but was as applicable to the non-answering defendants as it was to those who had answered. The rule applicable to the situation is stated by the annotator in 78 A. L. R. 938, as follows:

"The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by answering defendant is not personal to himself (as is the defense of infancy, coverture, or bankruptcy on the part of the pleader), but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or questions the merits or validity of the plaintiff's entire cause of action in general, or his right to sue, such defense, if successful, inures to the benefit of the defaulting defendants both in actions at law and suits in equity, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants."

That rule was applicable under the facts proven in this case.

For these reasons the decree must be reversed and the cause will be remanded with directions to enter a decree in accordance with said rule. Defendants to have their costs in this court.

BEAN, C. J., KELLY and BROWN, JJ., concur.