LUTHER BEASLEY v. THE STATE.

No. 22086. Delivered April 29, 1942.
On Motion to Reinstate Appeal May 27, 1942.
Motion for Rehearing Overruled (Without Written Opinion) June 24, 1942.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option laws of Cherokee County, and his punishment assessed at a fine of $600.00.

There does not appear in the record of the minutes of the trial court any notice of appeal to this court. It is shown by a supplemental transcript that there was a notice of appeal entered on the judge's trial docket, but same does not appear to have been passed into the minutes of the court.

Art. 827, C. C. P. reads in part as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. * * *."

We early held in the case of Long v. State, 3 Tex. Ct. App. 321, that the entry on the judge's docket will not supply the place of, or supersede the necessity for, an entry upon the record. Forrest v. Rawlings, 40 Texas, 502; Bryson v. State, 20 S. W. (2d) 1047.

Again in Thackerson v. State, 26 S. W. (2d) 241, it was held that a copy of docket entry in the record on appeal was an insufficient notice of appeal, and many other cases in Pocket Edition, Vol. 3, Vernon's Code Criminal Procedure, under Art. 827.

The appeal is therefore dismissed.

ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This appeal has been heretofore dismissed because of a failure to have the minutes show a notice of appeal. This matter has now been remedied by a proper showing of said notice in the record, and we now re-instate such appeal and proceed to consider the cause upon its merits.

There is but one bill of exceptions in the record, and that relates to a claimed discrimination against appellant, a negro, on the grounds of his color and race in the matter of the selection of prospective jurors who composed the panel presented for the purposes of this trial in the court below.

In support of this motion appellant introduced the county clerk, who had served as such for several years, who testified that: "I do not recall having seen a negro or member of the negro race do jury service in Cherokee County, Texas, during my term of office. * * * Yes, negroes or members of the negro race could have done jury service in Cherokee County, Texas, without me knowing it."

The State then placed upon the stand two of the jury commissioners who selected the jury for the term at which this trial was had, and they both testified, in substance, that they were instructed by the court to select persons of good moral character, of sound judgment and well qualified. They did not consider whether the jurors selected by them were white or colored; they did not exercise any bias or prejudice against the negro as a race.

This is all the testimony offered in support of the motion to quash. The burden of showing a discrimination against the negro as a race is on appellant. Lewis v. State, 42 Tex. Cr. R. 278, 59 S. W. 1116; Martin v. State, 44 Tex. Cr. R. 539, 72 S. W. 386; Thomas v. State, 49 Tex. Cr. R. 637, 95 S. W. 1069; Macklin v. State, 53 Tex. Cr. R. 200, 109 S. W. 145. See Branch's Criminal Law, Sec. 696.

We think the appellant has failed to show that any discrimination was shown by these jury commissioners against the negro as a race, nor against appellant as such negro.

There are no further matters called to our attention, and the record evidencing a sale of intoxicating liquor in a dry area, the judgment is affirmed.