Argued and submitted on defendant's demurrer to alternative writ of mandamus October 31, 1975, peremptory writ issued giving petitioners limited relief only January 22, 1976

STATE ex rel EVERETT et ux, *Petitioners,*

*v.*

SANDERS, *Defendant.*

544 P2d 1043

*Charles Lee,* Roseburg, argued the cause for defendant. On the brief was William L. Lasswell, District Attorney of Douglas County.

*Wallace D. Cegavske,* Roseburg, argued the cause for petitioners. With him on the brief was Stults, Murphy & Anderson, Roseburg.

HOLMAN, J.

## HOLMAN, J.

Petitioners filed an original preceeding in mandamus to compel a circuit judge to enter a judgment against four defaulting defendants in a suit in which petitioners were plaintiffs. The judge filed a return to an alternative writ, contending that the facts stated in the writ are insufficient to justify the relief requested.

█ Petitioners initially filed a suit to remove the liens of certain judgments from their real property. The defendants are six creditors who hold separate judgments which are liens on the property. Four defendants made no appearance; two filed demurrers alleging that the complaint did not state facts sufficient to constitute a cause of suit. The trial court sustained the demurrers and, when petitioners elected not to plead further, entered a decree in favor of "defendants." This decision was appealed to this court and affirmed in *Everett v. Papé Bros., Inc.,* 269 Or 575, 525 P2d 996 (1974). Petitioners thereafter requested the circuit judge, the present defendant, to enter default decrees against the four defaulting defendants who had made no appearance. The circuit judge refused, thus setting the scene for this proceeding and calling for a determination whether, in a situation where multiple defendants occupy a common legal position, decrees can be taken against defaulting defendants despite the adjudication in litigation with appearing defendants that plaintiffs' complaint does not state sufficient facts to constitute a cause of suit.

Defendant in this proceeding urges that his demurrer to the writ be sustained upon the basis that the decree in the prior litigation purports to be in favor of "defendants" and, thus, *all* defendants now possess a decree which has not been set aside thereby making this proceeding inappropriate. We do not decide the matter on this basis, as there is nothing in the writ or in the prior litigation which indicates that the original decree was ever intended to affect anyone other than the litigating defendants.

[ 77 ]

Defendant here also contends that the issue has been decided adversely to petitioners in *Bronn v. Soules,* 140 Or 308, 313, 11 P2d 284, 13 P2d 623 (1932). In that case the plaintiff brought a suit to foreclose a mortgage on land of multiple owners who held it as tenants in common and who all were equally liable upon a debt for which each had mortgaged his interest in the property. All defendants were served; some defaulted, while others answered setting up a defense of partial payment. Upon trial an amount was found to be due which was less than the amount sued for. A judgment was entered against the defaulting defendants for the amount requested in the complaint and against the answering defendants for the amount found by the trial court to be actually due. Upon appeal this court held it was error to enter judgment against the defaulting defendants for an amount in excess of that which was due, notwithstanding that they were in default of a complaint asking for a larger amount. The court said:

"* * * The defense set up by the answering defendants was part payment, and this was not a defense personal to themselves but was as applicable to the non-answering defendants as it was to those who had answered. The rule applicable to the situation is stated by the annotator in 78 A.L.R. 938, as follows:

" 'The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by answering defendant is not personal to himself (as in the defense of infancy, coverture, or bankruptcy on the part of the pleader), but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or questions the merits or validity of the plaintiff's entire cause of action in general, or his right to sue, such defense, if successful, inures to the benefit of the defaulting defendants both in actions at law and suits in equity, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants.' " 140 Or 308 at 313.

We are unable to distinguish the issue in *Bronn* from the one here. Its rationale would seem to be equally applicable to the facts of this case.

Petitioners contend they are entitled to a decree as a matter of right against the defaulting defendants in accordance with the provisions of ORS 18.080(1)(b):

"(1) Judgment may be had upon failure to answer, as prescribed in this section. When it appears that the defendant, or one or more of several defendants in the cases mentioned in ORS 15.100, has been duly served with the summons, and has failed to file an answer with the clerk of the court within the time specified in the summons, or such further time as may have been granted by the court or judge thereof, *the plaintiff shall be entitled to have judgment* against such defendant or defendants, as follows:

"(a) In an action arising upon contract for the recovery of money or damages only, *the clerk,* upon the written application of the plaintiff filed with the clerk, *shall* enter the default of the defendant, and immediately thereafter *enter judgment for the amount prayed for* in the complaint, against the defendant, or against one or more of several defendants in cases provided for in ORS 15.100.

"(b) *In other actions,* the clerk, upon written motion of the plaintiff being filed, shall enter the default of the defendant, and thereafter the plaintiff may apply to the court for the relief demanded in the complaint. *The court shall,* upon such application, *give* judgment for the amount prayed for in the complaint, or *the relief demanded in the complaint,* unless it is necessary, to enable the court to give judgment or carry the same into effect, to take proof of any matter of fact, in which case the court may order the entry of judgment to be delayed until such proof is taken. The court may hear the proof itself, or make an order of reference, or that a jury be called to inquire thereof. Thereupon the court shall enter judgment in accordance with its own findings, * * *." (Emphasis ours.)

While subsection (1)(b) of the statute is applicable to a suit of the present kind, petitioners call our attention to *Graydon v. Thomas,* 3 Or 250, 252 (1870), and *Hodg-*

[ 79 ]

*don v. Goodspeed,* 60 Or 1, 5, 118 P 167 (1911), which hold that when the clerk is requested to enter the judgment under subsection (1)(a) of the statute, his act is ministerial and without discretion. Petitioners also cite *Graydon, supra,* to the effect that in so acting the clerk is not subject to the direction of the court. They contend the same principles should govern the duty of the judge under subsection (1)(b) in view of the similar statutory language and use of the mandatory "shall" in directing the judge to enter judgment or to give the relief requested. In addition, they point to *State ex rel Nilsen v. Cushing,* 253 Or 262, 266, 453 P2d 945 (1969) which holds that under subsection (1)(b), where no evidence is necessary, the court must enter the judgment.

Despite the cases cited and the mandatory words of the statute, we believe them to have no application to the facts of this case. The cases cited do not deal with situations in which it has been demonstrated by judicial proceedings that the plaintiff is not entitled to relief against any defendant. We do not believe the legislature contemplated the statute would apply to a situation like the present one. *Bronn* was decided more than 40 years ago. The statute, insofar as it affects the present question, was in substantially the same form then as it is now. If the legislature had disagreed with *Bronn,* we assume it would have acted. For cases indicating that the same rule approved in *Bronn* applies despite statutes allowing defaults against non-answering defendants, see *Schofield v. Palmer,* 134 F 753 (4th Cir 1904); *Bowman v. Noyes,* 12 NH 302 (1841); and *Blodget against Morris,* 14 NY 482 (1856).

Petitioners attempt to distinguish *Bronn* on the basis that it involved the foreclosure of a mortgage given by tenants in common where each tenant had an identical joint and several liability for the debt, while each defendant in *Everett v. Papé Bros., Inc., supra,* this proceeding's predecessor, was a holder of a separate and distinct judgment lien. Petitioners argue that the defendants here lack the element of joint interest and, therefore, the basic reason for permitting a

defense by one defendant to inure to the benefit of all defendants is lacking. The distinction is without relevance. As long as the four defaulting defendants occupied exactly the same legal position as did the two demurring defendants, there is no need to require that they possess a "joint" interest.

Petitioners also make the distinction that in *Bronn* a trial was had on the merits while in the present situation the demurrer was sustained on the basis that the complaint did not state facts sufficient to constitute a cause of suit. We fail to see what difference it makes whether plaintiffs have been found not to be entitled to relief as a matter of fact or as a matter of law.

■ When application for a decree against the four defaulting defendants was made in the preceding litigation, the motion was accompanied by the stipulation of Papé Bros., Inc., one of the four, that a decree be entered against it. Any party may consent to the entry of judgment or decree against it; therefore, as to Papé Bros., Inc., the circuit judge was in error in failing to enter a decree.

A peremptory writ will issue directing defendant to enter a decree as requested by plaintiffs against Papé Bros., Inc., only.