Argued and submitted December 16, 1988, affirmed February 22, 1989

BROOKS et ux,
*Appellants,*

*v.*

BALLEW,
*Respondent.*

(87-1811-NJ-1; CA A47287)

768 P2d 941

Michael G. Balocca, Ashland, argued the cause for appellants. On the brief was Daniel L. Harris, Ashland.

Carlyle F. Stout III, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs, owners of property on which they operate a restaurant, appeal a judgment dismissing their claim for a prescriptive easement to use part of an adjacent property for customer parking. They originally sued Ballew, the current owner of the property, and Oredson, a previous owner, as well as Ainsworth, who was dismissed from the case. They first argue that the trial court erred in finding that they had not acquired a prescriptive easement. On *de novo* review, ORS 19.125(3), we conclude that plaintiffs failed to prove entitlement to the easement. *See Thompson v. Scott,* 270 Or 542, 546-47, 528 P2d 509 (1974).

They also contend that the court erred in entering a judgment for Oredson because, before trial, the court had entered an order of default against him for failure to appear. ORCP 69B(1). An *order* of default does not necessarily preclude the defaulting party from obtaining a judgment. *See Rajneesh Foundation v. McGreer,* 303 Or 139, 734 P2d 871, *former opinion adhered to,* 303 Or 371, 737 P2d 593 (1987). Moreover, because Ballew appeared and prevailed on the merits of plaintiffs' claim and both defendants occupied the same legal position, the trial court correctly entered judgment for the party in default. *State ex rel Everett v. Sanders,* 274 Or 75, 544 P2d 1043 (1976); *Bronn v. Soules,* 140 Or 308, 312-13, 11 P2d 284, 13 P2d 623 (1932).

Affirmed.