THE ESTADO LAND AND CATTLE COMPANY ET AL. V. GEORGE ANSLEY.

No. 158.

1. **Suit on Supersedeas Appeal Bond — Validity of Notice.**— An appeal, with reference to which a bond sued on is given, is not perfected unless notice of appeal is entered of record.

2. **Same—Breach of Conditions of.**—When a person is entitled to redress by reason of the breach of the condition of a bond, he may assert his right in an ordinary suit: but there can be no breach of conditions of an appeal bond when no appeal has ever existed, and when the appellate court referred to in the bond has had no jurisdiction; and nothing short of the disclosure of the notice of appeal upon the record will save the appeal from being dismissed in the appellate court for want of jurisdiction.

3. **Same—Appeal Must be Perfected.**—A bond for appeal given when the appeal is not perfected is without foundation or consideration, and the court will not assume that because the notice of appeal was entered on the judge's docket, that it would absolutely require its entry in the minutes on proceedings to enter the same nunc pro tunc.

4. **Same—Remedy when Appeal is not Perfected.**—It is the right of the defendant, his appeal not being perfected, to resort to a writ of error.

APPEAL from Brewster.   Tried below before Hon. WINCHESTER KELSO.

*Combes & Gano*, for appellants.— 1.  In order to confer jurisdiction upon the appellate court on appeal, notice of appeal must be given, and it must appear of record.  Rev. Stats., art. 1387; Forrest v. Rawlins, 40 Texas, 502; Messner v. Lewis, 17 Texas, 519; Burr v. Lewis, 6 Texas, 76; Leyell v. Guadalupe County, 28 Texas, 58; Perez v. Garza, 52 Texas, 574; 1 W. & W. C. C., sec. 953.

2.  A writ of error may be sued out at any time within two years, and is a constitutional right.  Rev. Stats., art. 1389; Shelton v. Wade, 4 Texas, 150; Perez v. Garza, 52 Texas, 574; Thomas v. Thomas, 57 Texas, 517; Eppstein v. Holmes, 64 Texas, 564; Shelton v. Wade, 4 Texas, 150.

*Turney & Gregory*, for appellee.—The bond sued on bound the principal to prosecute the appeal with effect; the judgment remaining unchanged, there was a breach of this condition, for which an independent suit would lie.   Trent v. Rhomberg, 66 Texas, 254; Perez v. Garza, 52 Texas, 575.

JAMES, CHIEF JUSTICE.—The following are our conclusions from the facts:

George Ansley, on September 15, 1890, obtained a judgment against appellant for $347.60, besides interest, in the County Court of Brewster

County. There was notice of appeal entered upon the judge's docket, but none upon the minutes of the court.

On September 30, 1890, defendant filed a supersedeas appeal bond, which was approved. The appeals of that term should have been filed in the Court of Appeals at the May assignment, 1891. The record was never filed.

It appears, on December 20, 1890, and afterwards, up to April 18, 1891, the attorneys for the defendant, by correspondence, endeavored to have the clerk obtain the entry of the notice of appeal nunc pro tunc, which, however, was never done. Also, that at the adjournment of the term at which the judgment was recovered defendant's counsel directed the clerk to prepare the transcript, and on April 16, 1891, he sent it to defendant's counsel, and they returned it, saying that they were no longer in the case. A few days afterwards the clerk received a letter from another attorney, requesting that the transcript be sent to him, which was done the latter part of April, 1891.

The clerk issued execution on the judgment on June 4, 1891, having learned that the transcript had not been filed in the Court of Appeals. On June 19, 1891, defendant sued out a writ of error with supersedeas, and the execution was returned. There is nothing to show what was the fate of the writ of error.

This suit was filed July 20, 1891, in the District Court of Brewster County, against the defendant and his sureties on the supersedeas appeal bond, for failure to perform the conditions thereof, praying judgment in the sum of $800, the penalty of such bond, with interest and costs.

The cause was tried without a jury, and judgment was rendered against appellants for $347.60, with 6 per cent interest per annum from the date of judgment, September 11, 1891, and for costs.

*Conclusions of Law.* — There being no assignments of error in the record, our attention can be directed only to such as are fundamental in their nature. The appeal with reference to which the bond sued on was given was not perfected, owing to the fact that the notice of appeal was not entered of record. Rev. Stats., art. 1387; Messner v. Lewis, 17 Texas, 520.

In view of this, was the bond an obligation upon which a recovery could be had?

Where an appeal from a money judgment is prosecuted, but not successfully, the jurisdiction exists in the appellate court to render judgment on the bond. Generally speaking, where a person is entitled to redress by reason of a breach of the conditions of such a bond, he may assert his rights in an ordinary suit. Blair v. Sanborn, 82 Texas, 688; Trent v. Rhomberg, 64 Texas, 447.

An instance of this class would be where an appeal once perfected had

been abandoned and no affirmance on certificate obtained, or if filed in the appellate court, was there allowed to be dismissed.  But so far as we have been able to find, there can be no breach of the condition of an appeal bond where no appeal has ever existed, and where, therefore, the appellate court referred to in the bond has had no jurisdiction.  In Trent v. Rhomberg the subject of independent suits upon this character of bond was fully discussed, and authorities there cited enforce the conclusion, that a bond for appeal given when the appeal is not perfected is without foundation or consideration.

. It is true that the plaintiff, probably in deference to this bond, did not have process issued for sometime; but that can be attributed to his forbearance rather than to necessity.  The appeal not being perfected, and the jurisdiction of the appellate court not having attached, there was no legal obstacle to the issuance of an execution, and the delay that followed the filing of the bond can not be said to have been occasioned by it. Perez v. Garza, 52 Texas, 574.  The record before us discloses the fact that notice of appeal had been entered in the judge's docket, and it is probable that it was in the power of the defendant to have made the appeal perfect by an entry nunc pro tunc, but nothing short of the disclosure of the notice of appeal upon the record would have saved the appeal from being dismissed in the appellate court for want of jurisdiction.  Messner v. Lewis, supra; Forrest v. Rawlins, 40 Texas, 502.

The court will not assume that because the notice of appeal was entered on the judge's docket, that it would absolutely require its entry in the minutes on proceedings to enter the same nuc pro tunc.  We can not speculate upon what the judge would have done in such a proceeding.

It was the right of the defendant, his appeal not being perfected, to resort to a writ of error.  The condemnation of the rule announced in Perez v. Garza does not rest upon a writ of error taken under these circumstances.  Epstein v. Holmes, 64 Texas, 562.  If this suit was maintainable, it would present a case of a judgment being recovered upon and enforced while the judgment was suspended by the writ of error proceedings, and subject to be set aside therein.  It would seem to us to be a mockery, as this expression is used in Perez v. Garza, to permit a defendant to abandon an imperfect appeal and resort to his writ of error, and then hold him to an obligation that may have been filed in view of the appeal.

We may remark further, that recovery in this cause was the amount of the judgment that had been recovered, and which was at the time superseded by writ of error proceedings.  This judgment did not possess that finality which authorized its use as evidence of right in the plaintiff.  Railway v. Jackson Bros., 85 Texas, 609.

It appears to us, that on the undisputed facts in the record, the bond which is the foundation of the action was not enforceable, and therefore

the judgment should be reversed and here rendered for appellant, without prejudice to the rights of appellee in respect to the judgment originally obtained.

*Reversed and rendered.*

Delivered January 10, 1894.