LEOPOLD M. MICHAEL V. S. Q. BALL ET AL.

No. 444.

1. **Appeal—Abandonment—Action of Bond.**—Where an appeal is taken from the trial court and appeal bond is filed, but no transcript is filed in the appellate court, or other action taken, for four years, it will be held that the appeal is abandoned, although there has been no affirmance on certificate or dismissal of the case in the appellate court; and suit may be brought on the appeal bond.

2. **Appeal Bond—Breach of Condition.**—The statutory provisions in the appeal bond, that the appellant shall prosecute his appeal with effect and pay off the judgment of the appellate court, are alternative conditions, and a failure to prosecute the appeal is a breach of the condition authorizing suit on the bond.

APPEAL from Bexar. Tried below before Hon. GEO. H. NOONAN.

*C. K. Breneman* and *Upson & Bergstrom*, for appellant.—An appeal bond has all the requisites of a valid contract, and the beneficiaries in such an appeal bond have the right to bring an independent suit to enforce its conditions when the party executing such bond has failed to prosecute his appeal with effect, as provided in the bond. Trent v. Rhomberg, 66 Texas, 249; Blair v. Sanborn, 82 Texas, 686; Cattle Co. v. Ansley, 24 S. W. Rep., 933.

*Vernor & Robinson*, for appellees.—Notice of appeal given and bond filed clothes the appellate court with jurisdiction over the entire case, and removes jurisdiction from the District Court for all save certain purposes; and until that jurisdiction is in some way ended, suit on the appeal and supersedeas bond can not be maintained. Rev. Stats., art. 1402; Tynberg v. Cohen, 76 Texas, 418; 13 S. W. Rep., 815; Land and Cattle Co. v. Ansley, 24 S. W. Rep., 933; Davis v. Estis, 23 S. W. Rep., 411; Tynberg v. Cohen, 24 S. W. Rep., 315.

FLY, ASSOCIATE JUSTICE.—Appellant filed a petition in the District Court of the Thirty-seventh Judicial District of Bexar County, in which he alleges, that on the 29th day of March, 1889, in said court, he recovered a judgment against S. Q. Ball for the sum of $260.40, and all costs of suit, amounting to $50, making an aggregate sum of $310; that on the 7th day of June, A. D. 1889, Ball executed and filed in the District Court an appeal bond in the sum of $750, with the other appellees, Beckman and Shiner, as sureties, payable to appellant, and conditioned that said Ball shall prosecute his appeal to effect; that the bond was filed and approved by the district clerk, and the cause was removed to the Supreme Court of Texas thereby. It is then alleged, that there had been an utter failure to comply with the conditions of the bond, that no transcript ever had been filed, and the time has long since elapsed for filing the same. To this petition appellees filed a general demurrer, and the following special exception:

"Further specially excepting to said petition, defendants aver, that from the face of the said pleadings of plaintiff this court is without jurisdiction herein, as said cause in which said appeal bond was given, is or should be pending in the Court of Civil Appeals of the Fourth District, unless heretofore the Supreme Court, or Court of Civil Appeals for the Third District, has, since said appeal bond was given, taken some action upon said appealed cause; but no action of either of said courts is alleged in said petition, and of this defendants pray the judgment of the court."

The special exception was sustained and the cause dismissed; and from this judgment appellant perfected this appeal.

The right to an independent suit upon an appeal or writ of error bond is not an open question in Texas. Trent v. Rhomberg, 66 Texas, 249; Blair v. Sanborn, 82 Texas, 686; Cattle Co. v. Ansley, 24 S. W. Rep., 933. In the case first cited, the original case was dismissed for want of prosecution, and suit was then brought against appellant and his sureties. There can be no question that the giving of the notice of appeal and filing the appeal bond perfected the appeal, and jurisdiction attached at once to the Supreme Court; but while this was true, the appeal could be abandoned, and the abandonment would be amply shown by a failure to file the transcript for a period of more than four years after the appeal was perfected. The law provides for the filing of the transcript within ninety days from the approval of the bond, and this fact pleaded would be sufficient allegation of an abandonment.

In the case of Land and Cattle Co. v. Ansley, 24 Southwestern Reporter, 933, it is held by this court that, "Generally speaking, where a person is entitled to redress by reason of the breach of the conditions of such bond, he may assert his rights in an ordinary suit. An instance of this class would be where an appeal once perfected had been abandoned, and no affirmance on certificate obtained, or, if filed in the appellate court, was there dismissed." As before said, an abandonment could not be more clearly evidenced than by a failure to file a transcript for a number of years.

In the case of Trent v. Rhomberg, above cited, the matter is exhaustively treated by Judge Robertson, and it seems to be the decision in that court that the statutory remedy of having the judgment affirmed in the appellate court on certificate need not be resorted to before an independent suit is brought against the sureties on the appeal bond. The summary procedure prescribed may be waived, and the judgment creditor may pursue his common law remedy on the bond. Where there is a statutory denial of the right to an independent suit on the bond, of course it can not be had; but, says Judge Robertson, "On the other hand, the bond being a contract for the breach of which the common law furnishes the forms and means of redress, the general principle is, that statutory remedies are not exclusive but cumulative." A number of cases are cited to sustain this position.

The next question that arises is, was there a breach of the conditions of the bond, and did the right of action thereon arise. It certainly arose as soon as the breach took place. It is argued by appellees, that no breach could take place until there was some action ousting the appellate court of its jurisdiction. We do not think this position is maintainable. One condition of the bond is, that the appellant "shall prosecute his appeal with effect." In the case of Trent v. Rhomberg, 66 Texas, 250, there is an apparent conflict with the case of Blair v. Sanborn, 82 Texas, 686, as in the former case it is held, that the conditions of the bond to prosecute the appeal with effect and to pay off the judgment of the appellate court are not alternative conditions, but both must be performed.

In the Blair-Sanborn case, Chief Justice Stayton, following Robinson v. Brinson, 20 Texas, 438, holds that the obligation in the appeal bond "is alternative to do one or the other" of the conditions. Quoting from the Robinson-Brinson case, he says: "Therefore, although the statute uses the word 'and' in connection with the two alternative obligations, the meaning is more appropriately expressed by the word 'or.' A violation then of one of the conditions constitutes a breach of the bond, and upon a breach the right to bring an independent suit on the bond accrues. What constitutes a failure to prosecute an appeal with effect? In the case of Trent v. Rhomberg it is held, that 'the bond bound the principal to prosecute the appeal with effect as well as to perform the judgment of the Supreme Court.' It is no defense to a suit for breach of one condition that the other has been performed. But appellees contend, that their principal prosecuted its appeal with effect; that this was accomplished by filing the transcript in the Supreme Court. This theory is supported by Hobart v. Hilliard, 11 Pickering, 143, but the decided preponderance of authority is in favor of the proposition, that 'with effect' in such instruments means successfully." Several cases are cited to support this proposition, among the number being the case of Champomier v. Washington, 2 Louisiana Annual, 1013, which is one in which the appeal was abandoned. The Trent-Rhomberg case is sustained by the Blair-Sanborn case.

To prosecute an appeal with effect, it is essential that a transcript of the proceedings of the lower court be filed in the appellate court in a certain time, and the allegation that the law has not been complied with as to filing the transcript is sufficient to show a breach of the bond, and the right given to have an affirmance of the judgment on certificate does not preclude the appellee from a suit on the appeal bond. He has the choice of remedies, and while the affirmance on certificate is the more expeditious and summary, yet it is a matter of discretion as to which remedy will be pursued. This view of the matter is sustained in the cases of Thalheimer v. Crow (Col.), 22 Pacific Reporter, 779, and Healey v. Newton (Mich.), 55 Northwestern Reporter, 667. In the latter case, a bond for writ of error had been given

and no further steps taken, and suit was brought by the plaintiff in the original suit against the defendant and his sureties. The court says: "Plaintiff, after the execution and delivery of the bond, had one of two courses open to him, to wit, to move to have the order staying the proceedings set aside, or acquiesce and rely upon the bond. Under the facts found in the present case, he will be presumed to have elected to take the latter course. The breach complained of is the failure to take out and prosecute the writ to effect. The court has found such breach, and the measure of plaintiff's damages is the amount of the judgment recited in the bond, with costs and interest."

But it may be suggested that in some cases a writ of error might be sued out after the time for perfecting the appeal, or that a reason might be assigned for a failure to file the transcript in time, and permission be granted to file it after the time. That question could not arise in this case, for the time for the writ of error has elapsed, and there could scarcely be a reason assigned that would meet with any favor for failure to file a transcript within four years; but if either of these things could be done, still this would be a matter of defense to the suit and would not go to the pleading. "There is ample power in the courts administering both law and equity to stay proceedings, or otherwise prevent unjust results." Trent v. Rhomberg, 66 Texas, 249.

No other special exception was urged to the petition than the one we have considered, and the petition was not subject to general demurrer. We are led to say this, because there is no specific allegation that notice of appeal was given which on special exception would not be sufficient. We are of the opinion that the allegations in the petition show an abandonment of the appeal, and a good cause of action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 10, 1894.