ALLEN et al. v. KITCHEN et al.

(Court of Civil Appeals of Texas. Austin. Feb. 19, 1913. On Motion for Rehearing, April 9, 1913.)

1. APPEAL AND ERROR (§ 757*) — BRIEFS — COURT RULES.

Where appellant's brief contained nothing to indicate any motion for a new trial in the court below, all assignments of error must be disregarded, under rules for the Court of Civil Appeals (142 S. W. xii) 24 and 25, providing that assignments of error must distinctly specify the grounds of error relied on, and must refer to that portion of the motion for new trial in which the error is complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 460*)—SUPERSEDEAS BOND—TIME FOR FILING.

Execution may be issued upon a judgment, notwithstanding the perfecting of an appeal by the filing of an appeal bond, or affidavit in lieu thereof, in accordance with Rev. Civ. St. 1911, arts. 2084, 2097, 2098, 2099, and 2100, providing for the perfection of appeals; a supersedeas bond being required to prevent execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2217–2226, 2245, 2246; Dec. Dig. § 460.*]

3. APPEAL AND ERROR (§ 468*)—SUPERSEDEAS BOND—TIME FOR FILING.

Where an appeal bond has been perfected by the giving of an appeal bond or the making of a proper affidavit in lieu thereof, the supersedeas bond may be given at any time thereafter pending the appeal; but if no bond, other than the supersedeas bond, be given, it must be filed within the time fixed for perfecting appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2229; Dec. Dig. § 468.*]

4. APPEAL AND ERROR (§ 1226*)—SUPERSEDEAS BOND—REMEDY ON BOND.

Where a valid supersedeas bond has been given and filed within the time required by law, and the appeal has not been prosecuted to effect, the appellee may sue on such bond as a common-law obligation, but if the supersedeas bond did not also amount to an appeal bond, so as to perfect the appeal, it is without consideration, and will not support an action; for, unless the appeal is duly perfected and a valid supersedeas bond is given, execution may issue, notwithstanding an attempted appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4734, 4735; Dec. Dig. § 1226.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action by C. D. Allen and others against R. D. Kitchen and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

J. E. Shropshire, of Brady, for appellants. Garnett & Hughston, of McKinney, for appellees.

JENKINS, J. [1] In this case the appellees object to our considering appellants' assignments of error, because they do not point out specifically any error committed by the court, and said assignments are in violation of rule 25, Rules for the Courts of Civil Appeals (142 S. W. xii), in that they do not refer to that portion of the motion for a new trial in which the supposed error is complained of, as required by said rule. Rule 24 requires that the assignment of error must distinctly specify the grounds of error relied on. Rule 25: "To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of in a par-

ticular manner, so as to identify whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to, *and must refer to that portion of the motion for new trial in which the error is complained of.*" (Italics ours.)

There is nothing in appellants' brief to indicate that any motion for a new trial was filed in the court below, for which reason the objection to said assignments is sustained, and the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

In 1906 C. D. Allen, J. C. Hall, and B. L. Craddock recovered judgment in the county court of McCulloch county against C. V. and E. P. Brown for $350 damages upon a car of oats purchased by Allen and others from the Browns, and which did not meet the warranty of the vendors as to quality. Said case was attempted to be appealed to this court, and upon motion of Allen et al. said appeal was dismissed, for the reason that the appeal bond, which was also a supersedeas bond, was not filed in the time required by law. 135 S. W. 602. Execution was issued out of the county court on said judgment and returned "No property found," and appellants then instituted this suit against the appellees herein on said bond. Upon trial before the court the court found that C. P. and E. V. Brown were solvent at the time of filing the supersedeas bond above referred to, but that during the pendency of said appeal they became insolvent.

The trial court, upon the above facts, found, as matter of law, that the appellees in the former suit were not entitled to stay of execution by virtue of said bond, and that said bondsmen, appellees in this suit, are not liable to appellants on said bond.

### Opinion.

On a former day of the present term we affirmed this case on account of failure of appellants to comply with rule 25 for the government of the Courts of Civil Appeals. Upon motion for rehearing appellants have shown sufficient reasons why their brief should not be stricken out for failure to comply with said rule, for which reason we have considered this case upon its merits, and in doing so have reached the conclusion that the judgment of the trial court should be affirmed.

[2, 3] A party recovering a judgment is entitled to execution thereon, unless an appeal be taken from said judgment in the manner prescribed by law. An appeal can be taken only by filing an appeal bond, or an affidavit in lieu thereof, within the time prescribed by statute. Articles 2084, 2097, 2098, 2099, and 2100, Rev. Stat. 1911. And execution may be issued on such judgment, notwithstanding such appeal, unless a supersedeas bond be given, which may also be an appeal bond, or which may be given subsequent to the appeal bond. If the appeal has been perfected by giving a proper bond, or making proper affidavit in lieu thereof, within the time prescribed by statute, the supersedeas bond may be given at any time thereafter pending the appeal; but if no bond, other than the supersedeas bond, be given, it must be filed within the time prescribed for perfecting appeals.

[4] Where a valid supersedeas bond has been given and filed within the time required by law, and the appeal has not been prosecuted to effect, the appellee may bring suit on such bond as a common-law obligation. Trent v. Rhomberg, 66 Tex. 249, 18 S. W. 510; Wooldridge v. Rawlings (Sup.) 14 S. W. 667; Michael v. Ball, 8 Tex. Civ. App. 406, 27 S. W. 948.

But if the bond does not perfect the appeal it is without consideration, and will not support an action as a common-law obligation. Grocery Co. v. Savage, 114 S. W. 867, and authorities there cited. Where an appeal has not been perfected by giving an appeal or supersedeas bond, or filing proper affidavit in lieu thereof, the party recovering judgment may have execution thereon, notwithstanding the attempted appeal, and the clerk is no more justified in refusing to issue such execution than he would be if no notice of appeal had been given, or no bond or affidavit in lieu thereof had been attempted to be filed.

For the reasons above stated, the motion for rehearing is overruled.