LOVA MAHER, Appellant, v. KATE MORRISON, Appellee.

**BONDS:  Common-Law Bonds—Supersedeas Bond Without Service of**
1  **Notice of Appeal.** A so-called supersedeas bond, filed without the service and filing of any notice of appeal, is a mere *nudum pactum.* Working, as it does, no legal effect whatever, it cannot constitute a common-law bond.

**APPEAL AND ERROR:  Perfecting Appeal—Filing Bond Without**
2  **Serving Notice—Effect.** An appeal is not perfected by the filing of a supersedeas bond. The all-essential is the service and filing of a notice of appeal.

**APPEAL AND ERROR:  Supersedeas Bond—Breach.** No breach of
3  a so-called supersedeas bond, conditioned as provided by statute, can occur, *when no appeal was perfected.*

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

### WEDNESDAY, JANUARY 17, 1917.

ACTION at law to recover of defendant on a supersedeas bond, which had been signed by said defendant as surety. There was a trial to a jury. At the close of plaintiff's evidence, the court sustained defendant's motion for a directed verdict. Judgment was rendered against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*J. L. Witmer,* for appellant.

*Miller & Wallingford* and *Oliver H. Miller,* for appellee.

PRESTON, J.—September 27, 1913, plaintiff obtained a judgment in the district court of Polk County against Charles Morrison for $500 and costs. On September 28, 1913, and before the motion for a new trial had been filed or ruled upon, the attorney for said Charles Morrison stated to plaintiff's attorney that he expected to appeal the case to the Supreme Court. At another time, the attorney for said Charles Morrison stated that he had partially prepared a notice of appeal, but had not completed it, as he did not have the date of the judgment. The date of this conversation is not shown. These two matters just referred to are the only circumstances and the only evidence to sustain plaintiff's claim as to alleged representations made to her attorney to induce her not to issue execution. Plaintiff's claim is, that, but for said representations, she would have collected her judgment out of property mortgaged by said Charles Morrison to Kate Morrison, the surety on the bond. As will be shown later, an execution was issued before the time had expired in which an appeal could have been perfected. On the day the verdict was returned, defendant was given ten days in which to file motion for new trial; this motion was filed October 6, 1913, and overruled by the court on October 16th. On Oc-

tober 30, 1913, defendant, Charles Morrison, filed with the clerk of the district court a supersedeas bond for $1,000, signed by himself, as principal, and Kate Morrison, his mother, the defendant, as surety. No notice of appeal was ever served or filed, and no appeal was ever perfected, and it was abandoned.

After the supersedeas bond above referred to had been filed, Charles Morrison executed two chattel mortgages, aggregating nearly $5,000, in favor of his mother. Before the expiration of the six months immediately following said judgment in favor of plaintiff and against Charles Morrison, within which an appeal might have been perfected by giving notice, said plaintiff caused execution to issue on said judgment. Said execution was returned unsatisfied, and proceedings auxiliary to execution were likewise fruitless. Plaintiff then brought this action, claiming that there had been a breach of the supersedeas bond, and that she was entitled to recover the amount of her judgment against Charles Morrison from Kate Morrison, as surety upon the supersedeas bond. The bond provides, among other things:

"Now if the said appellant shall pay to the said appellee all costs and damages that shall be adjudged against said appellant on said appeal, and shall also satisfy or perform the said judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the Supreme Court may render or order to be rendered by the said district court, not exceeding in amount or value the original judgment or order, and all rents of, or damages to, property during the pendency of the appeal, out of the possession of which the appellee is kept by reason of the appeal, then this obligation to be void, otherwise to be and remain in full force and virtue."

The petition alleges that the bond has been breached, in that no part of the judgment or costs has been paid.

The grounds of defendant's motion for a directed verdict

are, substantially, that the bond names the conditions upon which it will become due and payable, and the evidence fails to show that the bond has been breached in any manner, and for the reason that the evidence affirmatively shows that the appeal bond is a statutory appeal bond, drawn in the language of the statute of the state of Iowa, the giving of which bond does not in any manner stay an execution; and the evidence affirmatively shows that, prior to the expiration of the time at which an appeal bond should be taken, execution was issued in this case.

It is said by appellant in argument that no claim is made that appellant can recover on the supersedeas bond as a statutory bond, when the appeal has not been perfected by serving and filing a notice of appeal. Their claim is that, the bond having prevented appellant from collecting her judgment, it constitutes a valid common-law obligation, founded upon a sufficient consideration. They state their legal proposition in this way: A bond not authorized by statute, or a statutory bond insufficient under the statute, may be enforced as a common-law obligation, when not in contravention of public policy or in violation of law, if founded upon a good and sufficient consideration. They cite *Sheppard & Morgan v. Collins*, 12 Iowa 570; *Garretson v. Reeder*, 23 Iowa 21; *Painter v. Gibson*, 88 Iowa 120; *Stevenson v. Morgan* (Neb.), 93 N. W. 180; *Carroll County v. Cuthbertson*, 136 Iowa 458.

In the first case cited, an attachment had been issued, and the defendant gave a bond to release the attached property, and the attached property was released, and went back into the possession of the defendant. The holding was that, although the bond was not drawn in conformity with the statute, it was a binding obligation under the common law. The consideration was the release of the property that was taken into the custody of the sheriff, and the release of the property was the consideration for the contract, and was sufficient.

The *Garretson* case, supra, is similar. The court held that the failure to return the property or the value thereof was a breach of the contract, and that there was a right of action, even though the bond was not given in conformity with the statute.

In the *Carroll County* case, supra, the contract was held invalid, for the reason that there was no consideration.

The Nebraska case, before cited, was where, by reason of giving a bond, a party held possession of land for two years; and this was held to be sufficient consideration.

In the *Painter* case, supra, defendant secured the release of attached property by giving the bond.

The instant case is readily distinguished from the cases cited. Appellant contends that the supersedeas bond prevented appellant from collecting her judgment, and saved the property of Charles Morrison, and that there was consideration for the issuance of the supersedeas bond, and that it is enforceable as a common-law obligation. But, as we shall see, the giving of the supersedeas bond, without an appeal, could not prevent the issuance of an execution at any time, and, as before shown, appellant did in fact issue an execution.

Appellee's propositions are that no appeal was ever perfected, and there was no breach of the bond, and execution was not stayed; and they cite on this point Section 4114, Code, 1897; *Pratt v. Western Stage Co.,* 26 Iowa 241; *Loomis v. McKenzie,* 57 Iowa 77; *Oyster v. Bank,* 107 Iowa 39; *Davis v. Huth* (Wash.), 86 Pac. 654. They also contend that there was no consideration for the supersedeas bond, and the same was not an enforceable contract; and upon this proposition, cite *Davis v. Huth,* supra; *Allen v. Kitchen* (Tex.), 156 S. W. 331; *Pace Grocery Co. v. Savage* (Tex.), 114 S. W. 866; *Carter v. Hodge* (N. Y.), 44 N. E. 1101; *Gregory v. O'Brian,* 13 N. J. L. 11.

The statute, Section 4114, Code, 1897, provides in part that an appeal is taken and perfected by the service of a

notice in writing on the adverse party, his agent, or any

2. APPEAL AND ER-
ROR: perfecting
appeal: filing
bond without
serving notice:
effect.

attorney who appeared for him in the case in the court below, and also upon the clerk, etc. It is plain that it is the service of notice of appeal, and not the filing of a supersedeas bond, which in fact effects an appeal. The cases before cited under appellee's first proposition so hold.

In the *Pratt* case, it was said that merely filing a supersedeas bond does not amount to the taking of an appeal; that, if such bond is filed, and no notice of appeal is given, at least to the clerk, the latter officer should not recall an execution or issue an order to stay proceedings thereunder.

"In other words, the execution of a judgment should not be stayed unless a supersedeas bond is filed and approved, and unless also notice of appeal is served, at least upon the clerk."

It is clear, then, that in the instant case no appeal had been perfected. This being so, the Supreme Court acquired no jurisdiction of the first case (*Maher v. Charles Morrison*), and, though a supersedeas bond had been filed, it did not operate to stay an execution upon the judgment. The giving of the supersedeas bond was of no effect, so far as plaintiff's power to enforce the judgment was concerned. If the appeal had been perfected by the giving of a notice, and the supersedeas bond had been given, the clerk could not have issued execution. But, as said, the giving of the supersedeas bond in this case did not prevent the issuance of an execution, and could not prevent the issuance of an execution any more upon the day it was filed, October 30, 1913, or at any time thereafter, than it did on February 25, 1914, when it was in fact issued.

We think there was no breach of the bond. The condition of the bond, as before noted, was that appellant should

3. APPEAL AND ER-
ROR: super-
sedeas bond:
breach.

pay to appellee all costs and damages adjudged against appellant on said appeal, and should also satisfy or perform the judg-

ment or order appealed from, in case it should be affirmed, and any judgment or order which the Supreme Court might render or order to be rendered by the said district court, etc. No costs or damages were adjudged against appellant on the appeal. The judgment was not affirmed by the Supreme Court, and no judgment or order was made by the Supreme Court. No property was released, as in some of the cases cited by appellant. The plaintiff's position was not changed in any way by the giving of the supersedeas bond.

In the *Pace Grocery Company* case, supra, it was held that an appeal bond which is insufficient to confer jurisdiction on the court to which an appeal is sought, is not enforceable as a common-law obligation; for, as the appeal was not perfected, the bond was without consideration, even though an execution was issued. In that case, the court said, at page 867:

"The purpose of a statutory appeal bond is to furnish security for the payment of the debt evidenced by the judgment appealed from, and it is unquestionably true that such a bond, when entered into voluntarily, and for a valid consideration, is good at common law. Such an undertaking, however, is only for the appeal sought, and the perfecting of the appeal is the consideration supporting it. If therefore the appeal is not perfected, the bond is without consideration, and a suit upon it cannot be maintained. This view seems to be supported not only by decisions of our courts, but by decisions of courts of other states. *Trent v. Rhomberg,* 66 Tex. 249 (18 S. W. 510); *Estado Land & Cattle Co. v. Ansley,* 6 Tex. Civ. App. 185 (24 S. W. 933); *Gimperling v. Hanes,* 40 Ohio St. 114; *Gregory v. O'Brian,* 13 N. J. Law 11. In the case of *Trent v. Rhomberg,* cited, the Supreme Court of this state, in holding that a supersedeas appeal bond has all the requisites of a valid contract, and that an independent suit could be maintained upon it, was careful to state that the appeal, to secure which the bond in that case was given, was perfected. The court said: 'In

this case the execution was superseded, the appeal was perfected, the consideration of the contract ample, and was received.' It is clearly deducible from this language that the consideration supporting such bonds is the perfecting of the appeal, and that the bond is without consideration and will not support an action if the appeal is not perfected. *Estado Land & Cattle Co. v. Ansley,* supra, was a suit upon a supersedeas appeal bond, and it was there distinctly held by the Court of Civil Appeals for the Fourth District that, where an appeal has not been perfected by the entry of record of the notice of appeal, no action can be maintained on the appeal bond. In discussing the question, the court said: 'There can be no breach of the condition of an appeal bond where no appeal has ever existed, and where therefore the appellate court referred to in the bond has had no jurisdiction.' In the present case the appeal desired and sought to be obtained by the bond sued on never had any existence because said bond was a nullity and the jurisdiction of the county court for that reason never attached. We therefore hold that appellees' demurrer was properly sustained and the suit dismissed.

"The fact that no execution was issued on the judgment from which the appeal was attempted to be prosecuted, pending the litigation, to test the sufficiency of the bond to support the appeal, does not alter the case. The appeal not having been perfected, there was no legal obstacle to the issuance of an execution, and the failure to have it issued can be attributed to the forbearance of appellant. At least, it cannot be said that the delay was occasioned by the filing of the bond. *Estado Land & Cattle Co. v. Ansley,* supra."

In *Gregory v. O'Brian,* 13 N. J. Law 11, it is held:

"The condition of the bond is, that the appellant shall appear and prosecute the appeal in the court of common pleas, stand to and abide the judgment of that court, and pay such further costs as shall be taxed, if the judgment be affirmed. The terms of the bond are predicated of an ap-

peal and of jurisdiction in the court of common pleas to sustain it. They suppose an appeal in existence, duly taken, and relate to matters subsequent thereto.''

In *Allen v. Kitchen* (Texas), 156 S. W. 331, the Supreme Court of Texas holds that, though a valid supersedeas bond has been given, if the appeal has not been perfected, suit cannot be brought upon such bond as a common-law obligation, the court saying, at page 332 of the opinion:

''But if the bond does not perfect the appeal it is without consideration, and will not support an action as a common-law obligation. *Grocery Co. v. Savage*, 114 S. W. 867, and authorities there cited. Where an appeal has not been perfected by giving an appeal or supersedeas bond, or filing proper affidavit in lieu thereof, the party recovering judgment may have execution thereon, notwithstanding the attempted appeal, and the clerk is no more justified in refusing to issue such execution than he would be if no notice of appeal had been given, or no bond or affidavit in lieu thereof had been attempted to be filed.''

The other cases before cited by appellee are substantially to the same effect.

It is our conclusion that the judgment of the district court was right, and it is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and EVANS, JJ., concur.