**STAHMANN et al. v. RIORDAN. (No. 1433.)**

(Court of Civil Appeals of Texas. El Paso. March 8, 1923.)

**1. Action ⟁69—Action on supersedeas bond in trespass to try title not stayed by pendency of another action to try title.**

Where plaintiff in an action of trespass to try title prevailed on appeal, his action thereafter on defendants' supersedeas bond for rents of which he was deprived during the stay on appeal was not a suit for an interest in land, but was a common-law action on the bond, and, the county court having jurisdiction of the amount involved, jurisdiction could not be defeated by a plea that the title to the land in question was in litigation in another court, and that plaintiff's action should have been continued to await the result of such trial.

**2. Trial ⟁351(5)—Special requests are properly refused where included in general charge.**

Special issues requested are properly refused where substantially the same as contained in the general charge.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by J. W. Riordan against W. J. Stahmann and others. Judgment for plaintiff, and defendants appeal. Affirmed.

M. W. Stanton and R. M. Ellerd, both of El Paso, for appellants.

Winter, McBroom & Scott, of El Paso, for appellee.

Statement of the Case.

HARPER, C. J. Prior to 1921 J. W. Riordan brought suit in the district court of El Paso county against W. J. Stahmann, as reported to fix the boundary line between two tracts of land. Riordan recovered judgment, and Stahmann appealed by giving supersedeas bond, as provided by statute. Upon hearing in this court the judgment was affirmed. Stahlman v. Riordan (Tex. Civ. App.) 227 S. W. 726, January 20 1921, rehearing denied February 17, 1921. Appellee Riordan brought this suit in the county court at law, El Paso county, against W. J. Stahmann, principal, and M. W. Stanton and Haymon Krupp, sureties, on supersedeas bond filed in above appeal, to recover $525 as the reasonable rental value of the land so recovered and possession of which was retained. Defendants answered by general and special exceptions and plea in bar, more clearly stated under the propositions urging a reversal. Tried to a jury. Submitted upon

special issues, and upon the verdict judgment rendered for $234, interest, and costs, from which an appeal is perfected.

In order to make clear our views upon the question of jurisdiction of the trial court, as presented by assignments and propositions, we take the following from the opinion of this court in Stahlman v. Riordan (Tex. Civ. App.) 227 S. W. 726, wherein the bond sued on was filed, and follow with the pleadings in this case upon which appellant relies to support his pleas to the jurisdiction and in bar.

There were a tier of surveys numbered 129 to 145, east and west. Riordan sued Stahmann for No. 143 by metes and bounds. No. 144 is owned by the latter. In these surveys there is an excess of 167.5 varas. This court held that it was proper for the trial court, as was done in fixing the disputed boundary, to prorate this excess of the base line, and that the owners of the other surveys were not necessary parties.

Appellant pleaded:

"(a) That since the rendition of the purported judgment in cause No. 18728, in the district court of El Paso county, Tex., Sixty-Fifth judicial district, wherein J. W. Riordan was plaintiff and W. J. Stahmann was defendant, purporting to provide for the recovery of real estate described in the original petition of plaintiff in this cause, and since the purported execution of the supersedeas bond in said other cause No. 18728, the said W. J. Stahmann purchased from, and for value paid obtained a deed executed by, Silverio Escontrias, executor of the estate of Ponciana Armendares, deceased, and Leopoldo Acosta, joined by his wife, and thereby acquiring and purchasing an interest in and to the property described in the original petition in this cause, and which said deed purported to convey and did convey to plaintiff an interest in the said premises and real estate described as aforesaid in the original petition of plaintiff in this cause, and described in the purported bond; that the aforesaid cause heretofore pending in the district court, in El Paso county, Tex, wherein said purported bond was executed, was not determined in any binding manner upon the said Riordan, and the said Stahmann in said other cause, in that the necessary parties were not before the court, and was held by the said Court of Civil Appeals of the Eighth Supreme Judicial District, of the state of Texas; that by reason of the execution of said deed which was duly acknowledged and recorded in volume 393, p. 52, of Deed Records of El Paso County, Tex., the said Stahmann in good faith claims to be the owner of an interest in the real estate involved in this case by reason of the purchase shown by said deed, and for which reason the purported judgment in said other cause, in this court, and the bond therein executed would not and could not be adjudicated by this court, and in any event there being a bona fide claim made by the said defendant, Stahmann, joined by his codefendants, which involves the trial of title and right to possession of real estate, this said court,

therefore, had no jurisdiction and can acquire no jurisdiction to hear and determine the issues in this cause, and especially as neither the trial court nor the Court of Civil Appeals did or could pass upon or determine the title and claim of said vendors of said Stahmann, as they were not parties to said other cause."

## Opinion.

[1] There is nothing in this action which may be construed to be a suit for an interest in land, but is a common-law action upon a supersedeas bond, which was conditioned:

"That said Stahmann * * * shall prosecute his appeal with effect, and in case the judgment of the * * * Court of Civil Appeals shall be against him he shall perform its judgment, sentence or decree, and shall pay all such damages, etc., * * * and that Stahmann shall, in case the judgment is affirmed, pay to J. W. Riordan * * * the value of the rent or hire of said property in any suit which may be brought therefor."

This is the proper form of action, and the county court at law had jurisdiction of the amount involved. Allen et al. v. Kitchen (Tex. Civ. App.) 156 S. W. 331. It was, therefore, not error to refuse the motion for continuance to await the result of the trial of the subsequent suit for title to same land in another court.

The petition states a good cause of action, so there was no error in overruling the exceptions general and special.

[2] The special issues requested by the appellant were properly refused because they are substantially the same as contained in the general charge.

Affirmed.