### SCANLAN et al. v. DE ZAVALA et al.
### No. 2108.

Court of Civil Appeals of Texas. Beaumont.
Oct. 5, 1931.

Rehearing Denied Nov. 4, 1931.

Walter F. Brown, of Houston, for appellants.

Boyles, Brown & Scott and Frank G. Dyer, all of Houston, for appellees.

WALKER, J.

In cause No. 70,004, August De Zavala v. Arcola Sugar Mills et al., in district court, Harris county, Tex., De Zavala was plaintiff and Arcola Sugar Mills and Kate Scanlan

were defendants. The suit was by the plaintiff against the defendants, jointly and severally, for services rendered by him in procuring a loan for Arcola Sugar Mills. The trial was to a jury, and, after conclusion of the evidence, defendant Kate Scanlan moved for a peremptory instruction, which was refused. The case was then submitted to the jury against both defendants on the following special issues, answered as indicated:

"Special Issue No. 1.

"Did the defendant Kate Scanlan, make an arrangement with plaintiff to assist in procuring said loan for the Arcola Sugar Mills Company? Answer of Jury: She did."

"Special Issue No. 2.

"Was it or not agreed between plaintiff and defendant, Kate Scanlan, that plaintiff should receive compensation from said Kate Scanlan or the Arcola Sugar Mills Company for services to be rendered by him in procuring said loan? Answer of jury: It was."

"Special Issue No. 3.

"If in answer to the preceding issue you have stated that it was agreed between plaintiff and Miss Kate Scanlan that plaintiff was to receive compensation for his services in procuring said loan, then you will answer this question: 'What was the reasonable value of the services rendered by plaintiff in procuring said loan? Answer of the jury: $2,500.00."

"Special Issue No. 4.

"Was it understood between plaintiff and defendants that no commission was to be charged by or paid to plaintiff for his help in procuring such loan? Answer of the jury: It was not."

The judgment entered upon this verdict recited that the case was called for trial, a jury duly impaneled, and that the issues copied above were submitted as the court's charge, and were answered by the jury as indicated. The judgment concluded with the following decree, and exceptions, and notice of appeal to the Court of Civil Appeals: "Wherefore, said verdict having been received by the court and order filed, it was ordered, adjudged and decreed that the plaintiff, August De Zavala do have and recover of and from the defendant, Arcola Sugar Mills Company, a corporation, the sum of Twenty-five Hundred Dollars ($2500.00) with interest thereon from March 1st, 1916, at the rate of 6% per annum, until paid, together with all costs of suit in this behalf incurred, for which execution may issue. The plaintiff excepts to action of the court in refusing judgment in his behalf against defendant Kate Scanlan, and gives notice of appeal, and 90 days after adjournment shall allow in which to file statement of facts and bills of exception. To which judgment Arcola Sugar Mills Company excepted as against it and gave notice of appeal and said allowance for statement of facts and bills of exception."

After the verdict was returned, the plaintiff filed a motion asking the court to render judgment on the verdict in his favor against both Kate Scanlan and Arcola Sugar Mills. Within the time required by law, Arcola Sugar Mills perfected its appeal to the Galveston Court of Civil Appeals by filing its petition for writ of error and the following supersedeas bond:

"Whereas in Cause No. 70,004 on the docket of the District Court of Harris County, Texas, for the 61st Judicial District, wherein August De Zavala was plaintiff and Arcola Sugar Mills Co., et al., were defendants, judgment was rendered in favor of said plaintiff against defendant Arcola Sugar Mills Co., a corporation, for Twenty-five Hundred ($2500.00) Dollars with interest thereon from March 1, 1916, at the rate of six per cent per annum, and all court costs, which judgment is recorded in Vol. 19, page 443, of the Minutes of said Court, referred to as part hereof, to which judgment said Arcola Sugar Mills Co., properly excepted and gave due notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston, Texas, and now desires to give Supersedeas bond with respect thereto as provided by law.

"Therefore, Arcola Sugar Mills Co. as principal and the other undersigned as sureties, agree, promise, obligate and bind ourselves jointly and severally, to pay to August De Zavala, defendant in error, the sum of Seventy-five Hundred ($7500.00) Dollars, conditioned that said Arcola Sugar Mills Co., a corporation, plaintiff in error, shall prosecute its writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against it, it shall perform its judgment, sentence or decree, and pay all such damages as said court may award against it.

"Arcola Sugar Mills Co. Principal,
"By E. P. & Otis K. Hamblen,
"Its Attorneys of Record.
"Kate Scanlan
"Wm. J. Dermody, Sureties."

Though the petition for writ of error was duly filed and the supersedeas bond was duly approved by the clerk of the district court of Harris county, no transcript in that case was ever filed in the Court of Civil Appeals by any one, and the Court of Civil Appeals entered no judgment of any kind whatever in said cause. After that judgment became dormant, August De Zavala, joined by others to whom he had assigned all his interest in the judgment against Arcola Sugar Mills, brought this suit upon the supersedeas bond copied above, naming as defendants Arcola Sugar Mills, as principal on said bond, and Kate Scanlan and Wm. J. Dermody as sureties.

Of the answer of defendants, it is sufficient to say that they raised the issue that the bond was void because the judgment upon which it was based was merely interlocutory and not final. Upon trial of this suit, judgment was entered in favor of August De Zavala and the other plaintiffs against the three named defendants, for the sum of $4,-621.14, from which appeal was duly prosecuted to the Galveston Court of Civil Appeals and transferred to this court by order of the Supreme Court.

### Opinion.

The failure of the trial court to make Kate Scanlan a party to the decree in the judgment in question, made the judgment interlocutory, and not final. To be final, a judgment must dispose of the entire case as to all the parties, and, except where the statute authorizes appeal from interlocutory judgments, an appellate court "has no jurisdiction of attempted appeal from a judgment or decree that is not final other than to dismiss the appeal." 3 Tex. Jur. 107. Construing the judgment by the terms of the decree, appellees themselves concede that it was merely interlocutory and not final. On this proposition, they say:

"We know of no rule of law of more uniform application than the rule that a judgment is not a final judgment unless it disposes of all the parties and issues in suit. Mo. Pac. Railway v. Scott, 78 Tex. 360, 14 S. W. 791; Mendoza v. Railway, 94 Tex. 650, 62 S. W. 418; Willis v. Keator (Tex. Civ. App.) 181 S. W. 556; Southern Trading Co. of Texas v. Feldman (Tex. Com. App.) 259 S. W. 566. If the judgment under consideration does not meet this test, then it is not a final judgment.

"The suit in which said judgment was rendered was filed by De Zavala against Arcola Sugar Mills Company and Miss Kate Scanlan and in said suit De Zavala sought a joint and several judgment against each of said defendants. The judgment shows on its face that it was rendered in response to the jury's findings that it was understood between De Zavala and Kate Scanlan that he was to receive compensation from Kate Scanlan or the Arcola Sugar Mills Company for services rendered for procuring a loan and that the reasonable value of said services was $2500.00. The court stated in its judgment 'wherefore, said verdict having been received by the court and ordered filed it was ordered, adjudged and decreed that the plaintiff August De Zavala do have and recover of and from the defendant Arcola Sugar Mills Company, a corporation, the sum of Twenty-five Hundred Dollars ($2500.00) with interest thereon from March 1st, 1916 at the rate of six percent per annum until paid, together with all costs of suit in this behalf expended for which execution may issue.' If the judgment of the court had stopped at this point it is clear that the judgment would not have been a final

judgment for it would not have made any disposition of Miss Kate Scanlan, one of the defendants in said suit, but the judgment did not stop at this point."

However, notwithstanding these concessions made by them, it is the further contention of appellees that the concluding part of the judgment immediately following the quotation made by them, supra, "the plaintiff excepts to the action of the court," etc., made the judgment final. In support of this conclusion, they say: "It is very evident from this judgment that the court was of the opinion that De Zavala was only entitled to a judgment against the Arcola Sugar Mills Company and was not entitled to a judgment against Miss Kate Scanlan and that the judgment of the court was to this effect. Otherwise the court would not have stated in its judgment that it refused to enter a judgment in favor of plaintiff against the defendant, Kate Scanlan. Appellees have not correctly construed their judgment. The concluding portion of the judgment relied upon by them to make it final was no part of the decree, but merely August De Zavala's bill of exceptions to an adverse ruling of the court on his motion for judgment, with notice of appeal to the Court of Civil Appeals. Having overruled this motion for judgment, it was the duty of the court to enter any and all exceptions reserved by August De Zavala to that ruling. In considering the motion for judgment, even though the trial court may have thought that De Zavala was not entitled to judgment against Kate Scanlan, he could not make her a party to the decree merely by refusing the motion and noting the exceptions to this ruling. Having submitted the case to the jury on the theory of a joint and several liability as against both Arcola Sugar Mills and Kate Scanlan, she became a necessary party to the final decree, and, since the decree did not dispose of her, it was not a final judgment but merely interlocutory, whatever may have been the construction given by the court to his judgment in overruling De Zavala's motion for a judgment against Kate Scanlan. "It is not enough that a final judgment should have been rendered; it must actually have been entered." 3 Tex. Jur. 108. That the intention of the trial court, in entering his judgment, cannot control its construction was clearly held in Batson v. Bentley (Tex. Civ. App.) 295 S. W. 316, 4 S.W.(2d) 577. In that case, the trial court, in the introduction to his judgment, clearly manifested an intention that the plaintiff was not entitled to recover as to any of the defendants, but in entering the decree failed to name one of the defendants. Because of that omission, the judgment was construed as interlocutory and not final. We think the judgment in question was clearly interlocutory and not final, and therefore the Court of Civil Appeals had no jurisdiction to enter judgment against the sureties thereon. The bond was wholly void

as a statutory bond, and therefore insufficient to constitute the basis of the cause of action on the theory of a valid appeal.

■ If in error in their construction of the judgment, that is, if in fact the judgment in question was merely interlocutory and not final, appellees insist further that the supersedeas bond was valid as at common law, and sufficient to support a common-law action for the amount of the judgment rendered in favor of De Zavala against Arcola Sugar Mills. Their propositions are: (a) The bond was sufficient to supersede the judgment, thereby depriving De Zavala of his right to have execution issued thereon, and "this deprivation of plaintiff De Zavala's right constituted a valid consideration for said bond, and it's immaterial to the issues in this case whether or not the judgment was, in fact, a final judgment." (b) "By filing said bond defendants Arcola Sugar Mills Company, Kate Scanlan and Wm. J. Dermody recognized the validity of the judgment, and having done this, and deprived plaintiff De Zavala of having, or attempting to have, execution issue on the judgment, defendants are now estopped to deny the validity of said judgment in this action." Appellees have not correctly construed the effect of their supersedeas bond. Since the judgment was merely interlocutory and not final, August De Zavala never had the right to an execution thereon; therefore the filing of the bond did not have the effect of suspending any legal right vesting in August De Zavala under his judgment. It appears, as a matter of law, from what has just been said, that the bond was executed without consideration. Again, since the judgment was merely interlocutory and not final, and since De Zavala had no right to issue execution thereon, he was not deprived of any affirmative right in his judgment, and therefore the supersedeas bond does not form the basis of an estoppel against the principal and sureties executing the same. These propositions are fully supported by the opinion of Judge Talbot in S. A. Pace Grocery Co. v. Savage (Tex. Civ. App.) 114 S. W. 866, 867, where he said:

"The purpose of a statutory appeal bond is to furnish security for the payment of the debt evidenced by the judgment appealed from, and it is unquestionably true that such a bond, when entered into voluntarily, and for a valid consideration, is good at common law. Such an undertaking, however, is only for the appeal sought, and the perfecting of the appeal is the consideration supporting it. If therefore the appeal is not perfected, the bond is without consideration, and a suit upon it cannot be maintained. This view seems to be supported not only by decisions of our courts, but by decisions of courts of other states. Trent v. Rhomberg, 66 Tex. 249, 18 S. W. 510; Estado Land & Cattle Co. et al. v. Ansley, 6 Tex. Civ. App. 185, 24 S. W. 933;

Gimperling v. Hanes, 40 Ohio St. 114; Gregory v. Obrian, 13 N. J. Law, 11. In the case of Trent v. Rhomberg, cited, the Supreme Court of this state, in holding that a supersedeas appeal bond has all the requisites of a valid contract, and that an independent suit could be maintained upon it, was careful to state that the appeal, to secure which the bond in that case was given, was perfected. The court said: 'In this case the execution was superseded, the appeal was perfected, the consideration of the contract ample, and was received.' It is clearly deducible from this language that the consideration supporting such bonds is the perfecting of the appeal, and that the bond is without consideration and will not support an action if the appeal is not perfected. Estado Land & Cattle Co. v. Ansley, supra, was a suit upon a supersedeas appeal bond, and it was there distinctly held by the Court of Civil Appeals for the Fourth District that, where an appeal has not been perfected by the entry of record of the notice of appeal, no action can be maintained on the appeal bond. In discussing the question, the court said: 'There can be no breach of the condition of an appeal bond where no appeal has ever existed, and where therefore the appellate court referred to in the bond has had no jurisdiction.' In the present case the appeal desired and sought to be obtained by the bond sued on never had any existence because said bond was a nullity and the jurisdiction of the county court for that reason never attached. We therefore hold that appellees' demurrer was properly sustained and the suit dismissed.

"The fact that no execution was issued on the judgment from which the appeal was attempted to be prosecuted, pending the litigation, to test the sufficiency of the bond to support the appeal, does not alter the case. The appeal not having been perfected, there was no legal obstacle to the issuance of an execution, and the failure to have it issued can be attributed to the forbearance of appellant. At least, it cannot be said that the delay was occasioned by the filing of the bond. Estado Land & Cattle Co. v. Ansley, supra."

The Savage Case was quoted with approval by Judge Jenkins in Allen v. Kitchen (Tex. Civ. App.) 156 S. W. 331, 332, where, discussing the validity of an appeal bond, he said: "But if the bond does not perfect the appeal it is without consideration, and will not support an action as a common-law obligation. Grocery Co. v. Savage [Tex. Civ. App.] 114 S. W. 866, 867, and authorities there cited. Where an appeal has not been perfected by giving an appeal or supersedeas bond, or filing proper affidavit in lieu thereof, the party recovering judgment may have execution thereon, notwithstanding the attempted appeal, and the clerk is no more justified in refusing to issue such execution than he would be if no notice of appeal had been given, or

*no bond or affidavit in lieu thereof had been attempted to be filed."*

What we have said above is in full recognition of the legal proposition that a supersedeas bond, duly executed and filed, whereby the appeal or writ of error is perfected, may be enforced as a common-law obligation. This proposition has clear recognition by our Supreme Court in such cases as Trent v. Rhomberg, 66 Tex. 249, 18 S. W. 510; Wooldridge v. Rawlings, 14 S. W. 667, and Michael v. Ball, 8 Tex. Civ. App. 406, 27 S. W. 948. Citing these three cases, Judge Jenkins said, in Allen v. Kitchen, supra, "Where a valid supersedeas bond has been given and filed within the time required by law, and the appeal has not been prosecuted to effect, the appellee may bring suit on such bond as a common-law obligation." It will be noted in the quotation given above in the Savage Case, that Judge Talbot construed Trent v. Rhomberg as holding that a common-law action lies upon a supersedeas bond only when the appeal "was perfected."

For the reasons stated, the judgment of the lower court is reversed, and judgment here rendered in favor of appellants.