## LLOYDS CASUALTY INSURER v.
### McGEE et al.
### No. 2502.

Court of Civil Appeals of Texas. Waco.

Feb. 25, 1943.

Rehearing Denied March 25, 1943.

Sam Holliday, of Houston, for appellant.

Scott Reed and L. W. Shepperd, both of Groesbeck, for appellees.

HALE, Justice.

Appellees sought in this suit to recover against Lloyds Casualty Insurer as surety on a supersedeas bond filed in a prior proceeding. The case was tried before the court below without a jury, resulted in judgment against the surety, and hence this appeal.

Appellant contends that the judgment against it should be reversed and here rendered in its favor because of a want and failure of consideration for the execution of the bond sued upon and a lack of authority on the part of the clerk to approve and file said bond; in that the writ of error to review the judgment in the prior proceeding was never perfected. It further contends that appellees caused the attempted removal of the prior proceeding to be dismissed in the reviewing court for lack of jurisdiction and thereby estopped themselves from asserting the validity of said bond in the present suit. On the other hand, appellees contend, among other things, that the bond sued upon accomplished the purpose for which it was filed in that it prevented them.

from collecting a final judgment in the prior proceeding and by reason thereof appellant estopped itself from asserting the invalidity of said bond in the present suit. The foregoing contentions were properly raised by the pleadings in the trial court.

On August 16, 1939, appellees recovered judgment in the prior proceeding against United Employers Casualty Company (hereafter referred to as insurer) under the terms of the Texas Workmen's Compensation Act on account of injuries sustained by appellee McGee. On December 27, 1939, the insurer filed its petition for writ of error to review said judgment, reciting therein that its motion for new trial had been overruled on September 16, 1939. At the same time the insurer filed its bond for costs in the sum of $500, as required by Arts. 2258 and 2265 of Vernon's Tex.Civ. Stats., with appellant as surety thereon. On December 28, 1939, the clerk of the trial court issued citations to each of the defendants in error and forwarded them to counsel for the insurer. On January 4, 1940, the citations were returned to the clerk for certain corrections, were thereafter re-issued under the original date of December 28, 1939, and subsequently served. The record of the prior proceeding was filed in this court on January 15, 1940. Defendants in error, appellees here, filed their motion in this court on August 15, 1940, to dismiss the attempted removal on the ground that this court did not have jurisdiction over the cause. On September 26, 1940, the motion was granted, the attempted appeal was dismissed, and on October 17, 1940, the insurer's motion for rehearing was overruled. See United Employers Casualty Co. v. McGee, Tex.Civ. App., 143 S.W.2d 653. Application for writ of error to review the judgment of this court dismissing the case was refused by the Supreme Court on December 4, 1940.

On September 6, 1940, appellant executed as surety the supersedeas bond herein sued upon, which was in compliance with the terms of Art. 2270 of Vernon's Tex.Civ. Stats., reciting therein that whereas McGee had recovered judgment against the insurer on August 16, 1939, for $2,977.77 from which it had sued out writ of error "and has heretofore filed herein a writ of error cost bond for the sum of $500.00, and now desires to file a supersedeas bond in order to prevent the levy of execution upon such judgment," the principal and surety acknowledged themselves bound to pay appellees the sum of $7,000, conditioned that the insurer should prosecute its writ of error with effect. The supersedeas bond was presented to, approved and filed by, the clerk of the trial court on September 7, 1940, writ of supersedeas was issued thereon and duly served on the Sheriff of Travis County on September 13, 1940.

There was evidence that prior to the filing and approval of the supersedeas bond appellees had caused a writ of execution to issue on said judgment, had placed the same in the hands of the Sheriff of Travis County for enforcement and but for the service of the writ of supersedeas they would have collected the judgment from the insurer. It was shown that the insurer was insolvent at the time of the present trial, it having been placed in the hands of a receiver by order of the Commissioner of Insurance of the State of Texas.

█ It has been held, as asserted by appellant, that the consideration for the execution of an appeal bond is the perfecting of the appeal and therefore if the appeal is not perfected the appeal bond is without consideration and invalid. Estado Land & Cattle Co. v. Ansley, 6 Tex.Civ.App. 185, 24 S.W. 933; S. A. Pace Grocery Co. v. Savage, 114 S.W. 866, error dismissed; Allen v. Kitchen, Tex.Civ.App., 156 S.W. 331; Texas Co. v. Graham, Tex.Civ.App., 107 S.W.2d 403. However, we do not think the rule of law announced in the cited authorities is of controlling effect in its application to the facts of this case for the reasons which we shall discuss briefly.

█ The manifest intention of appellant in executing and delivering the cost bond in the sum of $500 was to enable the insurer to perfect its writ of error from the judgment which had been rendered against it. This purpose was not effected for the reasons fully discussed by this court in the case of United Employers Casualty Co. v. Skinner, Tex.Civ.App., 141 S.W.2d 955, error refused. It was not the purpose or intention of the insurer or of appellant in executing and tendering the supersedeas bond for approval and filing to thereby enable the insurer to perfect its appeal by writ of error, but the same was done "in order to prevent the levy of execution on such judgment." At the time when the supersedeas bond was tendered for filing, the issue had been raised in this court as to whether the insurer's writ of

error had been perfected, but such issue had not been determined. In our opinion, the clerk of the trial court had no duty under the circumstances to pass upon the issue thus raised and pending in this court, but ·it was within his authority to accept, approve and file the bond as tendered. Ex parte Kimbrough, 135 Tex. 624, 146 S.W.2d 371, point 1, and authorities cited.· We think the necessary legal effect of the · service of the writ of supersedeas was to suspend and stay further execution under the judgment until the issues then pending in this court with respect thereto were finally adjudicated. Art. 2275, Vernon's Tex.Civ.Stats.; Magnolia Petroleum Co. v. McClendon, 123 Tex. 10, 65 S.W.2d 484, points 1 and 2. But regardless of whether such was or was not the legal effect thereof, the evidence was sufficient to sustain implied findings of the trial court that the execution, delivery, approval and filing of the supersedeas bond did in fact accomplish the purpose for which it was intended by the insurer and appellant. Hence we cannot say as a matter of law that there was a want or failure of consideration for the bond sued upon.

■ Furthermore, we do not think appellees are estopped in the present suit from asserting the validity of the supersedeas bond merely because they successfully prosecuted their motion in this court to dismiss the attempted removal of the prior proceeding. 17 Tex.Jur., Sec. 6, p. 134, and cases cited. The motion to dismiss, and the action of this court sustaining the same, was based upon the fact that the insurer had participated in the trial of the former suit and had failed to have citations in error served prior to January 1, 1940, the effective date of Article 2249a of Vernon's Tex.Civ.Stats. We find nothing in the evidence which indicates that appellees have ever taken any position inconsistent with the contentions they are asserting in the present suit. This court did not pass upon the validity of any bond, either directly or indirectly, in connection with the dismissal of the attempted removal of the prior suit. See former opinion, supra.

■ If we are correct in the views which we have expressed, then appellees' contention on the issue of estoppel becomes immaterial. But if the clerk of the trial court had no authority in law to accept, approve or file the supersedeas bond as tendered, or to issue the writ of supersedeas thereon, then we are of the opinion that

since the bond sued upon did in fact accomplish its intended purpose and effectively prevented appellees from collecting their judgment, appellant is estopped by its conduct in connection therewith from asserting the invalidity of said bond in the present suit. Colorado Nat. Bank v. Lester, 73 Tex. 542, 11 S.W. 626; Harrison v. Barngrover, Tex.Civ.App., 118 S.W.2d 415, point 8, error refused; 17 Tex.Jur., Sec. 2, p. 128 and authorities cited; 19· Am. Jur., Sec. 72, p. 704 et seq.

Finding no reversible error, the judgment appealed from is affirmed.